341 So.2d 993 (1976)
INTERLACHEN LAKES ESTATES, INC., and Norservice, Inc., Florida Corporations, Plaintiffs,
v.
Edward L. BROOKS (As Substituted Defendant for Clinton R. Snyder) As Property Appraiser of Putnam County, Florida, Defendant.
No. 49347.
Supreme Court of Florida.
December 9, 1976.
Rehearing Denied February 18, 1977.
Edward E. Hedstrom and Tito S. Smith of Dowda, Hedstrom & Fields, Palatka, for plaintiffs.
William L. Townsend, Jr. of Walton & Townsend, Palatka, for defendant.
PER CURIAM.
The Honorable W.L. Wadsworth, Circuit Judge, pursuant to Rule 4.6, Fla.App. Rules, has certified to this Court the following questions which are asserted to be determinative of this cause now pending before him, are without controlling precedent in this State and upon which instruction from the Supreme Court will facilitate the proper disposition of the cause:
"QUESTION I
WHETHER THE SUPREME COURT HAS AUTHORITY TO LEAVE SECTION 195.062, FLORIDA STATUTES, CONTROLLING FOR PENDING LITIGATION FOR THE TAX YEAR 1972 AFTER SAID STATUTE HAS BEEN DECLARED UNCONSTITUTIONAL.
*994 And, if Question I is answered in the affirmative:
QUESTION II
WHETHER THE PHRASE
`... platted lands ... shall be valued for tax assessment purposes on the same basis as any unplatted acreage of similar character...'
MEANS THAT THE UNPLATTED ACREAGE OF SIMILAR CHARACTER MUST BE:
A) SIMILAR IN FACT, i.e.:
1) LOTS SURVEYED BUT NOT RECORDED.
2) ROADS GRADED AND/OR PAVED.
3) UTILITIES AVAILABLE TO LOTS.
4) ACREAGE SUBJECT TO AN ACTIVE SALES PROGRAM.
OR
B) RAW ACREAGE, BEFORE ANY IMPROVEMENTS, HAVING THE SAME OR SIMILAR NATURAL TERRAIN FEATURES AND CHARACTERISTICS."
The suit leading to these certified questions was originally filed by the plaintiffs to challenge the 1972 tax assessment on their lands in Putnam County, Florida. Plaintiffs' complaint alleged that the property appraiser had failed properly to apply the "Rose law," Section 195.062, Florida Statutes (1971). In his answer the appraiser alleged, inter alia, that the Rose law was unconstitutional. All parties stipulated that two questions concerning the law's constitutionality and one question relating to its application in the event it was held to be constitutional be submitted to the Supreme Court. Question I put in issue the validity of the Rose law under the provision of Article VII, Section 2, Florida Constitution of 1968; Question II raised the validity of such law under the provision of Article VII, Section 4, Florida Constitution of 1968; and Question III related to application of the law. This Court heard argument in 1973 and issued an opinion in September 1973, invalidating the statute as violative of Article VII, Section 4, Florida Constitution. Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (1973). A petition for rehearing was granted, and in December 1974, the Court adhered to its 1973 opinion without elaboration.
In the interim, two other suits attacking assessments on the same grounds were filed by plaintiffs for the tax years 1973 and 1974; by stipulation, these suits were continued pending the decision of this Court in the earlier case.
In Interlachen Lakes Estates, Inc. v. Snyder, supra, the Court held Questions I and III to be irrelevant by virtue of its affirmative response to Certified Question No. II; and, therefore, Questions I and III were not addressed. After remanding the case to the Circuit Court of Putnam County, this Court stated:
"This decision operates prospectively from the date the opinion becomes final because persons relying on the state statute did so assuming it to be valid despite the new provisions of the 1968 State Constitution... ."
On remand defendants moved for summary judgment, alleging that a statute ruled unconstitutional is a nullity and cannot be given life by a "prospective" invalidation. Prior to hearing, the defendants suggested recertification, in which the Court concurred, and hence the matter is once again before us.[1]
We find it unnecessary to respond to either of the questions certified because the issues involved herein were settled in Interlachen Lakes Estates, Inc. v. Snyder, supra. Apparently, the trial judge and the parties misconceived the force and effect of the original mandate in this case. As required by Rule 4.6, Fla.App. Rules, the certification in Interlachen Lakes Estates, Inc. v. Snyder, supra, asserted that the questions of law there presented were "determinative *995 of the cause" as between the parties to that litigation. Consistent with that statement and in accordance with Rule 4.6, Fla.App. Rules, this Court responded in kind in the original proceedings by answering Certified Question II in the affirmative, finding the other two questions to be irrelevant as a result of such response and remanding the case back to the Circuit Court of Putnam County. Upon such remand, it was incumbent upon the Court to dispose of this case upon the premise that the Rose law was unconstitutional, without more.
The language in the opinion relating to prospective invalidity had no application to the controversy between the parties to the litigation. To conclude otherwise would render the Court's decision merely an advisory opinion. This Court may render advisory opinions only to the Governor. Article IV, Section 1(c), Florida Constitution. Responses to questions certified under the provisions of Rule 4.6, Fla.App. Rules, are binding upon the parties to the litigation in which such questions are certified; otherwise, this Court's response would constitute an advisory opinion exceeding its jurisdiction.
Accordingly, this cause is remanded to the Circuit Court of Putnam County for proceedings not inconsistent with the views expressed herein.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and DREW (Retired), JJ., concur.
NOTES
[1] In the instant proceeding, Edward L. Brooks is substitute defendant for Clinton R. Snyder, Jr., his predecessor as property appraiser (formerly tax assessor) of Putnam County.