965 So.2d 151 (2007)
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellant,
v.
George AZIZE; Unknown Spouse of George Azize; John Doe, Jane Doe as Unknown Tenant(s) In Possession of the Subject Property # 1; John Doe, Jane Doe as Unknown Tenant(s) In Possession of the Subject Property # 2, Appellees.
No. 2D05-4544.
District Court of Appeal of Florida, Second District.
February 21, 2007.
Robert M. Brochin of Morgan, Lewis & Bockius LLP, Miami, for Appellant.
No appearance for Appellees.
John R. Hamilton of Foley & Lardner, LLP, Orlando, for Amicus Curiae Federal National Mortgage Association.
Elliot H. Scherker of Greenberg Traurig, P.A., Miami, for Amicus Curiae Chase Home Finance LLC.
*152 William P. Heller of Akerman Senterfitt, Fort Lauderdale, for Amicus Curiae Countrywide Home Loans, Inc.
Michael Ray Gordon and Kenton W. Hambrick, McLean, VA, for Amicus Curiae Federal Home Loan Mortgage Corporation.
W. Bard Brockman of Powell Goldstein, LLP, Atlanta, GA, for Amicus Curiae Mortgage Bankers Association.
April Carrie Charney, Jacksonville, for Amicus Curiae Jacksonville Area Legal Aid, Inc.
DAVIS, Judge.
Mortgage Electronic Registration Services, Inc. (MERS), appeals the trial court's dismissal with prejudice of its complaint seeking reestablishment of a lost note and the foreclosure of a mortgage. The trial court determined that MERS was not a proper party to bring the action and dismissed the complaint with prejudice for failure to state a cause of action. We reverse.
On May 27, 2004, George Azize executed and delivered a promissory note and a mortgage as part of the closing in the purchase of real property in Pinellas County. The note listed Aegis Lending Corporation as payee. However, the mortgage given to secure the note identified MERS as the mortgagee. The mortgage further specified that in this capacity MERS was serving as the nominee for the lender, which was identified as Aegis. The mortgage included the following language:
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.
The mortgage also specified, "MERS is the mortgagee under this Security Instrument."
In February 2005, MERS filed a complaint seeking to reestablish a promissory note and to foreclose a mortgage. The complaint identified the plaintiff as "Mortgage Electronic Registration Systems, Inc. as nominee for Aegis Lending Corporation." The complaint alleged that Azize was in default of the note and mortgage for failing to make the payment due on September 1, 2004, and all payments due subsequent to that date. In count one of the two-count complaint, MERS alleged that it was the owner of the note and that the note had been lost or destroyed after MERS acquired it. Specifically, MERS alleged that because the note was in its possession when it was lost, MERS was entitled to enforce the note. The complaint also explained that the loss of the note was not due to a transfer by MERS or a lawful seizure. The complaint did not allege the circumstances by which MERS came into possession of the note, specifying only that MERS was the owner and holder of the note. MERS asked the trial court to reestablish the lost note.
In count two, MERS sought foreclosure of the mortgage based on the default by Azize. MERS alleged that it owned the note and mortgage and that the note was secured by the mortgage.
No answer or responsive pleading was filed by Azize. The trial court, however, sua sponte issued an order to show cause why complaint should not be dismissed for lack of proper plaintiff. In this order, the trial court noted that multiple cases were pending in which MERS was seeking foreclosure *153 of mortgages and that, in each case, the plaintiff was either MERS, individually, or MERS acting as nominee for another plaintiff.[1] Because the trial court questioned how MERS could file as plaintiff in the capacity of nominee of another corporation, the order set a show cause hearing to allow MERS to demonstrate that it was a proper party to bring the action.
Although counsel for MERS filed a memorandum of law addressing the general issue raised by the trial court's order and appeared at the hearing, neither Azize nor anyone on his behalf was present at the hearing. Following the hearing, the trial court dismissed all of the pending cases in which MERS sought mortgage foreclosures, entering a specific order in this case that referred to a much longer general order that addressed the common issue of all the cases. Although many issues were discussed at the hearing and in the general order, this court need not address all of those issues as the case sub judice is limited to the issues presented by the pleadings and addressed by the trial court, which present the question of whether MERS is the owner of the note.
This court reviews a trial court's decision to dismiss a complaint de novo. Trotter v. Ford Motor Credit Corp., 868 So.2d 593 (Fla. 2d DCA 2004). Similarly, this court reviews findings regarding standing de novo. Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175 (Fla. 5th DCA 2001). In most circumstances, the trial court's dismissal of a complaint for failure to state a cause of action should be without prejudice to the plaintiff's amendment of the complaint to cure the deficiencies. See Wittington Condo. Apartments v. Braemar Corp., 313 So.2d 463, 466 (Fla. 4th DCA 1975) (stating that a pleading's failure to allege the proper representation is not a basis for a final dismissal until an opportunity to amend has been granted).
The trial court's decision, as reflected in its general order, is based on its finding that MERS could never, under any circumstances, be the proper plaintiff to bring the foreclosure action. Specifically, the trial court found that because MERS was not the owner of the beneficial interest in the note, even if the lost note was reestablished and MERS proved that it was the owner and holder of the note, MERS could not properly bring the foreclosure action.
We disagree. The holder of a note has standing to seek enforcement of the note. See Troupe v. Redner, 652 So.2d 394 (Fla. 2d DCA 1995); see also Philogene v. ABN Amro Mortgage Group, Inc., 948 So.2d 45, 45 (Fla. 4th DCA 2006) ("[W]e conclude that ABN had standing to bring and maintain a mortgage foreclosure action since it demonstrated that it held the note and mortgage in question."). Furthermore, standing is broader than just actual ownership of the beneficial interest in the note. "The Florida real party in interest rule, Fla. R. Civ. P. 1.210(a), permits an action to be prosecuted in the name of someone other than, but acting for, the real party in interest." Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178, 1183 (Fla. 3d DCA 1985).
Here, MERS's counsel explained to the trial judge at the hearing that, in these transactions, the notes are frequently transferred to MERS for the purpose of foreclosure without MERS actually obtaining the beneficial interest in the note. Although *154 the complaint does not allege how or why MERS came to be the owner and holder of the note, the trial court's dismissal was not based on this deficit.[2] Rather, the trial court found that even if MERS was the holder of the note based on a transfer by the lender or a servicing agent, MERS could never be a proper plaintiff because it did not own the beneficial interest in the note.[3] This was an erroneous conclusion.
MERS alleged that it is the owner and holder of the note and mortgage, and that allegation has not been contested by responsive pleading. Assuming that the complaint properly states a cause of action to reestablish the note and that MERS can show prima facie proof of such allegations, MERS would have standing as the owner and holder of the note and mortgage to proceed with the foreclosure. We also note that the trial court's conclusion that MERS further lacked standing because one corporation cannot serve as the agent for another corporation is incorrect. See 2 Fla. Jur.2d Agency and Employment § 3 (2005). Although the trial judge was particularly concerned about MERS's status as nominee of Aegis, in light of the allegations of the complaint, the language contained in the note and mortgage, and Azize's failure to contest the allegations, the issue of MERS's ownership and holding of the note and mortgage was not properly before the trial court for resolution at this stage of the proceedings. Accordingly, we reverse the dismissal and remand for further consideration.
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.
NOTES
[1] The same trial court order of dismissal was filed in twenty separate mortgage foreclosure actions.
[2] Since the trial court did not base its ruling on this issue, we offer no opinion as to whether the complaint fails to properly plead a cause of action without this information being alleged.
[3] MERS's counsel explained to the trial court at the hearing that notes such as the one executed in this case are frequently sold on the secondary mortgage market and then often sold again to investors, such as insurance companies or mutual funds. As such, technically, there may be several owners of the beneficial interest in a note. Additionally, to facilitate the handling of these transactions, the owners contract with a servicing agent to collect the payments and distribute the proceeds to the owners. MERS's counsel advised the court that such collection agents have been determined to have standing to seek enforcement of such notes for the benefit of the owners. See Greer v. O'Dell, 305 F.3d 1297 (11th Cir.2002).