955 So.2d 33 (2007)
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellant,
v.
Oscar REVOREDO, et al., Appellees.
No. 3D05-2572.
District Court of Appeal of Florida, Third District.
March 14, 2007.
Morgan, Lewis & Bockius and Robert M. Brochin, Miami, for appellant.
Jose A. Fuentes, Plantation, for appellees.
Greenberg Traurig and Elliot H. Scherker and Daniel M. Samson, Miami, for Amicus Curiae Chase Home Finance LLC.
April Carrie Charney, Jacksonville, for Amicus Curiae Jacksonville Area Legal Aid, Inc.
Before FLETCHER and WELLS, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
As in, and on the authority of, Mortgage Electronic Registration Systems, Inc. v. Azize, ___ So.2d ____, 2007 WL 517842 (Fla. 2d DCA Case No. 2D05-4544, opinion filed, February 21, 2007)[32 Fla. L. Weekly D546], which involved a very similar procedural situation[1] and the identical question of law, we reverse the dismissal below of a mortgage foreclosure action brought by *34 Mortgage Electronic Registration Systems, Inc., entered on the asserted, but erroneous conclusion, that MERS, which acts essentially as a collection and litigation agent for the current owner of notes and mortgages, see Phyllis K. Slesinger & Daniel McLaughlin, Mortgage Electronic Registration System, 31 Idaho L.Rev. 805 (1995), could not establish its standing to proceed.
Although there is little to add to the Second District's discussion of the issue, with which we entirely agree,[2] we do note that this decision is in accord with the clear majority of cases which have considered the question of MERS's standing to maintain mortgage foreclosure proceedings. See, e.g., In re Huggins, 357 B.R. 180 (Bankr.D. Mass. 2006); In re Sina, No. A06-200, 2006 WL 2729544 (Minn.Ct. App. Sept.26, 2006)(unpublished); Mortgage Elec. Registration Sys., Inc. v. Ventura, No. CV XXXXXXXXXS, 2006 WL 1230265 (Conn.Super.Ct. April 20, 2006)(unpublished); Mortgage Elec. Registration Sys., Inc. v. Leslie, No. CV044001051, 2005 WL 1433922 (Conn.Super.Ct. May 25, 2005)(unpublished); but cf. LaSalle Bank Nat'l Ass'n v. Lamy, 824 N.Y.S.2d 769, 2006 WL 2251721 (N.Y.Sup.Ct.2006)(unreported table decision). To the extent that courts have encountered difficulties with the question, and have even ruled to the contrary of our conclusion, the problem arises from the difficulty of attempting to shoehorn a modern innovative instrument of commerce into nomenclature and legal categories which stem essentially from the medieval English land law. See MERSCORP, Inc. v. Romaine, 8 N.Y.3d 90, 101, 828 N.Y.S.2d 266, 861 N.E.2d 81 (2006)(Kaye, C.J., dissenting in part)("It is the incongruity between the needs of the modern electronic secondary mortgage market and our venerable real property laws regulating the market that frames the issue before us."). Because, however, it is apparentand we so holdthat no substantive rights, obligations or defenses are affected by the use of the MERS device, there is no reason why mere form should overcome the salutary substance of permitting the use of this commercially effective means of business. See 22 Fla. Jur.2d Equity § 64 (2007).
Accordingly, the orders under review are reversed and the cause is remanded for further proceedings to foreclose the mortgage in question.
Reversed and remanded.
NOTES
[1] Unlike Azize, the trial court here went so far as to strike MERS's pleadings as sham. Even if we were to reach an opposite conclusion on the merits, we do not think that the circumstances of this case, in which the court considered improper MERS's perhaps disingenuous attempt to claim the status of a conventional "actual" mortgagee, would justify such a ruling. See Cromer v. Mullally, 861 So.2d 523 (Fla. 3d DCA 2003).
[2] Despite the existence of ambiguous language in the Second District opinion as to whether MERS was the "owner and holder of the note and the mortgage" in question, see Azize, ___ So.2d at ____ [32 Fla. L. Weekly at D547], we apply the holding that the thing called MERS, see R.K. Arnold, Yes, There is Life on MERS, 11 Prob. & Prop. 32 (July/August 1997), does not lack standing to foreclose to the facts of this case, in which it is clear that, in accordance with the usual practice, MERS was only the holder (by delivery) of the note. See Dasma Invs., LLC v. The Realty Assocs. Fund III, L.P., 459 F.Supp.2d 1294 (S.D.Fla.2006). Although it was called the "mortgagee" in the instrument and acted on behalf of the most recent purchaser-assignee-lender, however, MERS was notagain, as usualits "owner." We simply don't think that this makes any difference. See Fla. R. Civ. P. 1.210(a)(action may be prosecuted in name of authorized person without joining party for whose benefit action is brought); 37 Fla. Jur.2d Mortgages § 519 (2007)(mortgage security follows the note).