*489
 

 On Reheating Granted Revised Opinion
 

 COPE, J.
 

 On consideration of the appellant’s motion for rehearing, we grant the motion, withdraw the court’s previous opinion, and substitute the following opinion.
 

 This is an appeal of a dismissal order under Florida Rule of Civil Procedure 1.210(a), Florida’s real party in interest rule. Because the plaintiff is an agent who had been granted full authority to act for the real party in interest, there was no violation of Rule 1.210(a), and the dismissal order must be reversed.
 

 I.
 

 Simon Davidson died testate in Spain in 1991, leaving behind a son, Allan Davidson and a brother, Stanley Davidson. Luis Juega was appointed administrator of the estate by the Spanish court.
 

 Juega alleges that prior to the decedent’s death, Nozomi Finance International Limited loaned the decedent’s brother five million dollars secured by a mortgage on the brother’s real estate located in Miami-Dade County. Juega asserts that the decedent was the director of Nozomi. It is alleged that after the decedent’s death Mr. Juega became a director of Nozomi, which was an asset of the decedent’s estate.
 

 In 1994, Nozomi filed suit against the decedent’s brother in Miami-Dade County seeking repayment of the note and foreclosure on the property securing the note.
 
 *
 
 In 1995, Juega, as estate administrator, joined as a plaintiff in Nozomi’s lawsuit, and asserted additional claims on behalf of the estate for conversion and civil theft.
 

 In 2003, the Spanish court entered an order closing the decedent’s estate and finding the son to be his father’s sole heir. When the estate was closed in Spain, Jue-ga was discharged from his responsibilities as administrator.
 

 Thereafter Juega filed a fourth amended complaint in the Nozomi litigation. The decedent’s brother moved to dismiss on the ground, among others, that Juega lacked standing to pursue the litigation. The brother argued that once the Spanish estate was closed and Juega no longer was the estate administrator, Juega was not the real party in interest for purposes of Florida Rule of Civil Procedure 1.210(a), Florida’s real party in interest rule. The motion argued that the real party in interest was the decedent’s son, as the decedent’s sole heir.
 

 The son filed an affidavit in opposition to the motion, and in support of Juega’s standing. The son’s affidavit stated that Juega was pursuing the litigation for the son’s benefit and ratified all actions taken by Juega since the inception of the lawsuit. The affidavit said:
 

 1. My name is Allan Davidson. I am over 18 years old and
 
 sui juris.
 
 My father, Simon Davidson, passed away on February 15,1991.
 

 2. By final judgment dated November 2, 1992, issued by the Spanish Court ... in Marbella, Spain, case no. 200/19, I was declared sole heir of my deceased father....
 

 [[Image here]]
 

 6. In November 1995 (Second Amended Complaint), Mr. Juega, as nominal plaintiff for the Estate and its heir, who at the time had been declared to be me (later confirmed by the court of appeal in Malaga), joined the above-styled action. As the sole heir of the
 
 *490
 
 Estate of Simon Davidson, as the owner of all assets of the Estate pursuant to the inventory and discharge of Mr. Jue-ga as administrator, and as the only real party in interest in this lawsuit, I hereby ratify each action taken by Mr. Juega in the prosecution of this claim against the Defendants and do agree and ratify each action taken at the time taken, or shortly after the time each action was taken. Mr. Juega is acting as my agent in prosecuting this action on my behalf. I have authorized Mr. Juega to prosecute and proceed in whatever manner, method of practice he deems appropriate in pursuing this action in this matter on my behalf.
 

 7. I agree that, as the real party in interest and principal of Mr. Juega, I agree to be legally bound by any action taken to judgment in this case.
 

 (Emphasis added).
 

 The trial court accepted the argument
 
 i
 
 hat once Juega ceased being the administrator of the estate, he lost standing under Rule 1.210(a). The trial court dismissed Juega from the lawsuit and this appeal ensued.
 

 II.
 

 The question before us is whether Mr. Juega, as authorized agent of the heir, has standing to proceed as a plaintiff in the civil action pending in the trial court. The answer is yes.
 

 Florida’s real party in interest rule “is permissive only....”
 
 Kumar Corp. v. Nopal Lines, Ltd.,
 
 462 So.2d 1178, 1184 (Fla. 3d DCA 1985). The rule states:
 

 Every action may be prosecuted in the name of the real party in interest, but a personal representative, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in that person’s own name without joining the party for whose benefit the action is brought.
 

 Fla. R. Civ. P. 1.210(a) (emphasis added).
 

 “[A] nominal party, such as an agent, may bring suit in its own name for the benefit of the real party in interest.”
 
 Kumar,
 
 462 So.2d at 1185 (emphasis added). “[A] principal may subsequently ratify its agent’s act, even if originally unauthorized, and such ratification relates back and supplies the original authority.”
 
 Id.
 

 “Thus, where a plaintiff is either the real party in interest or is maintaining the action on behalf of the real party in interest, its action cannot be terminated on the ground that it lacks standing.”
 
 Id.
 
 at 1183;
 
 see Mortgage Elec. Registration Sys., Inc. v. Revoredo,
 
 955 So.2d 33, 34 (Fla. 3d DCA 2007) (collection and litigation agent has standing to bring mortgage foreclosure action);
 
 Eastern Inv., LLC v. Cyberfile, Inc.,
 
 947 So.2d 630, 632 (Fla. 3d DCA 2007) (action may be maintained by assignee; “Florida Rule of Civil Procedure 1.210(a) permits an action to be prosecuted in the name of someone other than, but acting for the real party in interest.”)
 

 The affidavit filed by the son in this case is indistinguishable from the affidavit filed by the principal in
 
 Kumar. Kumar,
 
 462 So.2d at 1181. The facts stated in the
 
 Kumar
 
 affidavit, as here, establish that the agent, Juega, has standing.
 

 We reverse the dismissal order and remand for further proceedings consistent herewith.
 

 *
 

 The decedent's brother contends that the loan has been satisfied, while Nozomi contends that it has not.