RAMIREZ, C.J.
Mutchnik, Inc. Construction appeals the entry of an adverse final judgment, arguing that the trial court based its decision on an affirmative defense, working without a building permit, which had not been raised by the pleadings. We agree with Mutchnik’s argument and reverse.
This case arises out of a dispute over payment for labor and construction. Mutchnik formed an oral contract -with appellees Robert and Rochelle Dimmer-man for construction on their Miami Beach property. Mutchnik alleged that, after performing about $17,000 worth of work and submitting an invoice, the Dimmer-mans locked him out of the property and refused to pay him. Mutchnik placed a construction lien on the house and sued the Dimmermans for breach of contract and unjust enrichment. After a non-jury trial, the trial court entered its final judgment finding a valid contract, but dismissing the construction lien claim because Mutchnik had failed to obtain a work permit.[1]
Upon review, we conclude that the trial court committed error when it based its judgment on issues not raised by the parties in the pleadings. See Lovett v. Lovett, 93 Fla. 611, 112 So. 768, 771 (1927); Pro-Art Dental Lab, Inc. v. V-Strategic Group, LLC, 986 So.2d 1244, 1252 (Fla.2008); Carroll Associates, P.A. v. Galindo, 864 So.2d 24, 28 (Fla. 3d DCA 2003); In re Estate of Hatcher, 439 So.2d 977, 980 (Fla. 3d DCA 1983). Accordingly, we reverse the trial court’s decision and remand for a new trial.[2]

. The trial court based this decision on its interpretation of Braverman v. Van Bower, Inc., 583 So.2d 381 (Fla. 3d DCA 1991). We do not reach the appellant’s argument that the judge misapplied the case to the facts here because we reverse on other grounds.

. We note that on remand, defendants, the Dimmermans, are not entitled to amend their pleadings and add the affirmative defenses they did not raise below. See Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 537 So.2d 561, 562 (Fla.1988) ("It is our view that a procedure which allows an appellate court to rule on the merits of a trial court judgment and then permits the losing party to amend his initial pleadings to assert matters not previously raised renders a mockery of the ‘finality’ concept in our system of justice.”) (emphasis in original).