*109 SCHWARTZ, Senior Judge.
The plaintiff, designated as the Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, N.A., as trustee, the alleged holder of a note and mortgage, seeks review of a final judgment in favor of the defendants mortgagors borrowers in an action to re-establish the note (which was lost, having disappeared in the bowels of the clerk’s office after being filed in a prior proceeding) and to foreclose the mortgage. The judgment was entered upon granting a defense motion for involuntary dismissal at the conclusion of the plaintiffs case in a non-jury trial. It specifically stated that it was required “as a result of Plaintiffs failure to establish its status as the owner and holder of the applicable Note and Mortgage with standing to bring suit.” We disagree and reverse:
1. In the first place, the decision is directly contrary to an earlier, previously unopposed and subsequently unchallenged order, which substituted the present appellant as the party-plaintiff and provided that:
The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, N.A., as trustee, is the real party in interest and proper Plaintiff in this action, and;
The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, N.A., as trustee, is hereby substituted for JPMorgan Chase Bank, formerly known as Chase Manhattan, as trustee, residential funding corporation, as attorney in fact, as the proper Plaintiff in this action and the style is amended as reflected on this order.
Compare Mazine v. M & I Bank, 67 So.3d 1129, n. 1 (Fla. 1st DCA 2011), where the court pointed out that “[a]lthough M & I Bank filed a motion to substitute a party by which M & I Marshall and Isley Bank was to be substituted for M & I Bank, the trial court never acted upon this motion.” [e.s.]. Because there was no denial or defense raised in defendants’ pleadings concerning this finding, the judgment under review cannot be permitted to stand for that reason alone. See Fla. R. Civ. P. 1.140(h)(1); Mutchnik, Inc. Constr. v. Dimmerman, 23 So.3d 809 (Fla. 3d DCA 2009) (concluding that the trial court erred in basing its judgment on issue not raised in the pleadings); Kissman v. Panizzi, 891 So.2d 1147 (Fla. 4th DCA 2005) (lack of standing is waivable affirmative defense); Krivanek v. Take Back Tampa Political Committee, 625 So.2d 840 (Fla.1993) (same); Sobel v. Jefferson Stores, Inc., 459 So.2d 433, 434 n. 1 (Fla. 3d DCA 1984) (quoting Florida Rule of Civil Procedure Rule 1.110(c)).
2. In addition, the record adequately independently demonstrates the capacity of the appellant to maintain the action (a) as the owner of the note as established by an uncontradicted chain of self-authenticating assignments, see Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932 (Fla. 4th DCA 2010), and if, arguendo, this is not the case (b) as the real party in interest or (c) its agent. See Fla. R. Civ. Pro. 1.210(a); Juega ex rel. Estate of Davidson v. Davidson, 8 So.3d 488 (Fla. 3d DCA 2009); Mortgage Elec. Registration Sys., Inc. v. Revoredo, 955 So.2d 33 (Fla. 3d DCA 2007).
There is also no question that the legal prerequisites of establishing a lost note were fully met below. See Gutierrez v. Bermudez, 540 So.2d 888 (Fla. 5th DCA 1989); Young v. Charnack, 295 So.2d 665 (Fla. 3d DCA 1974).
The judgment under review is therefore reversed for a new trial.
Reversed and remanded.
EMAS, J., concurs.