POLEN, J.
Elston/Leetsdale, LLC (Elston) appeals the trial court’s non-final order, requiring it to make payments to CWCapital Asset Management LLC, solely in its capacity as special servicer on behalf of U.S. Bank, N.A., successor to State Street Bank and Trust Company, as trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Mortgage Pass-Through Certificates, Series 2001-C1BC1 (CW) during the pendency of the action. Because CW did not properly plead standing, we reverse.
The facts are as follows. Elston executed a promissory note as evidence of a loan made by First Union National Bank; to *16 secure payment, Elston executed a mortgage and security agreement, along with an assignment of leases and rents. First Union assigned its rights in the loan documents to Morgan Guaranty Trust Company of New York, which then assigned its right, title and interest in the loan to State Street Bank and Trust Company, as Trustee for J.P. Morgan Chase Commercial Mortgage Securities Corp., Series 2001-C1BC1 (the trust). Presently, the trust is the current owner and holder of all the loan documents subject to this appeal.
CW, the special servicer for the trust, filed a verified complaint, in its own name, for foreclosure. The complaint alleged that Elston defaulted on the loan, and the trust elected to accelerate and declare immediately due and owing the entire unpaid principal balance together with accrued interest. In response to CW’s motions, the trial court ordered Elston to show cause as to why payments should not be made during the pendency of the foreclosure action. Elston then moved to dismiss the complaint, arguing that CW failed to properly allege standing to pursue enforcement of the security instruments. CW argued that it had standing to bring the foreclosure action because it is duly authorized by the trust to do so and, as special servicer for the loan, it is entitled to take all required action to protect the interests of the trust. After a hearing,[1] the trial court entered a payment order, requiring Elston to pay CW $42,404.91 per month during the pen-dency of the action. This appeal followed.
Elston argues that the trial court erred by ordering it to make payments to CW because CW failed to properly allege standing. CW argues that Elston has not furnished a sufficient record for this court to review the trial court’s ruling.[2] On the merits, CW argues that, as agent and special servicer to the trust, which owns the loan documents at issue, it has standing to foreclose.
“Whether a party is the proper party with standing to bring an action is a question of law to be reviewed de novo.” FCD Dev., LLC v. S. Fla. Sports Comm., Inc., 37 So.3d 905, 909 (Fla. 4th DCA 2010) (quoting Westport Recovery Corp. v. Midas, 954 So.2d 750, 752 (Fla. 4th DCA 2007)).
Every action may be prosecuted in the name of the real party in interest, but a personal representative, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in that person’s own name without joining the party for whose benefit the action is brought.
Fla. R. Civ. P. 1.210(a). “In its broadest sense, standing is no more than having, or representing one who has, ‘a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.’ ” Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178, 1182 (Fla. 3d DCA 1985) (quoting Sierra Club v. Morton, 405 U.S. 727, 731, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972)).
In the mortgage foreclosure context, “standing is broader than just actual ownership of the beneficial interest in the note.” Mortgage Elec. Registration Sys., *17 Inc. v. Azize, 965 So.2d 151, 153 (Fla. 2d DCA 2007). “The Florida real party in interest rule, Fla. R. Civ. P. 1.210(a), permits an action to be prosecuted in the name of someone other than, but acting for, the real party in interest.” Id. (quoting Kumar, 462 So.2d at 1183). “Thus, where a plaintiff is either the real party in interest or is maintaining the action on behalf of the real party in interest, its action cannot be terminated on the ground that it lacks standing.” Kumar, 462 So.2d at 1183. See also BAG Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010) (“The proper party with standing to foreclose a note and/or mortgage is the holder of the note and mortgage or the holder’s representative.”).
In securitization cases, a servicer may be considered a party in interest to commence legal action as long as the trustee joins or ratifies its action. In re Rosenberg, 414 B.R. 826, 842 (Bankr.S.D.Fla.2009) (emphasis added). In CWCapital Asset Management, LLC v. Chicago Properties, LLC, 610 F.3d 497 (7th Cir.2010), the Seventh Circuit found that CW, as a special servicer to a loan, had standing to bring an action in its own name against a mortgagor and landlord for money paid by a tenant in settlement of a suit for unpaid rent. Id. at 499-500. Significantly, however, in opposition to the defendant’s motion for judgment on the pleadings (based on CW’s lack of standing), CW filed an affidavit of the trustee, which was not contradicted, ratifying the servicer’s (CW’S) commencement of the lawsuit. Id. at 502 (emphasis added). Additionally, the pooling and servicing agreement was placed in evidence as additional evidence that CW’s principal granted CW authority to enforce the debt instruments that CW neither owned nor held. Id. at 501.
In Juega v. Davidson, 8 So.3d 488 (Fla. 3d DCA 2009), relied on by the trial court, the Third District reversed an order of dismissal for lack of standing, finding that because the plaintiff was an agent who had been granted full authority to act for the real party in interest, there was no violation of rule 1.210(a). Id. at 489. However, in Juega, there was evidence in the trial court that the agent/plaintiff had been granted full authority to act on the real party in interest’s behalf: The real party in interest filed an affidavit in opposition to the motion to dismiss for lack of standing, averring that Juega was pursuing the litigation for the real party in interest’s benefit and ratifying all actions taken by Juega since the inception of the lawsuit. Id. at 489. Finding the affidavit filed by the real party in interest to be indistinguishable from the affidavit filed by the principal in Kumar, the Third District held that “the facts stated in [the affidavit] establish that the agent, Juega, has standing.” Id. at 490 (emphasis added).
Here, the caption of the verified complaint states that the underlying action is brought by CW “solely in its capacity as special servicer on behalf of U.S. Bank, N.A.” In the complaint, CW alleges, and verifies as true, that it “has been and is duly authorized by the Trust- to prosecute this action as agent and special servicer for the Trust.” However, CW did not file any evidence, affidavits or other documents, supporting its allegation that it was authorized to prosecute the action on behalf of the trust, as was done in Kumar, Juega and Chicago Properties. Although CW’s complaint is verified, it is verified by the “SVP” for CW — not by the real party in interest, the trust. CW relies on nothing more than its own allegations and affidavit to support its argument that it has standing to sue on behalf of the trust. This is *18 insufficient evidence to prove that it is authorized to sue on the trust’s behalf.
We affirm on the other issue raised by-Elston, as we find that the trial court properly determined that CW was not required to register as a commercial collection agency or as a licensed mortgage broker under Chapters 559 and 494, Florida Statutes.

Reversed and Remanded.

TAYLOR and HAZOURI, JJ., concur.

. The transcript of the payment order show cause hearing is not part of the record on appeal.

. CW argues that because the payment order show cause hearing was not transcribed and because Elston has not proposed a stipulated statement of what occurred at the hearing, this court must affirm. We disagree, as the issues raised in this appeal can be decided on the merits without the transcript of the hearing.