DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALWYN YORK MCCONNELL,**
Appellant,

v.

**JPMORGAN CHASE,**
Appellee.

No. 4D15-1085

[May 11, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry Stone, Senior Judge; L.T. Case No. CACE 10-038547 (11).

Jerome L. Tepps of Jerome L. Tepps, P.A., Sunrise, for appellant.

Kimberly Hopkins and Ronald M. Gaché of Shapiro, Fishman & Gaché, LLP, Tampa, for appellee.

PER CURIAM.

We affirm the final judgment of foreclosure, concluding that the appellee proved the standing of the original plaintiff to foreclose on the note and mortgage.

The initial complaint, filed by JPMorgan Chase, included an allegation that JPMorgan was the holder of the promissory note. Competent substantial evidence supported that allegation, although the note was subsequently lost after the filing of the complaint. Attached to the initial complaint was a copy of the note with a blank endorsement from the original lender. At trial, a representative of the law firm which filed the suit testified from business records that it had received the note, bearing the blank endorsement, from JPMorgan prior to the filing of the complaint. Also admitted without objection was an affidavit showing that JPMorgan had purchased the loans of Washington Mutual, the original lender in this case, prior to the filing of the complaint.

A "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in

possession[.]" § 671.201(21)(a), Fla. Stat. (2010).[1] The person entitled to enforce the note is: (1) *the holder of the note*; (2) a non-holder in possession of the note who has the rights of a holder; or (3) a person or entity who is not in possession of the note because the note has been lost or was mistakenly surrendered or canceled as paid, but who has the status of a holder. § 673.3011, Fla. Stat. (2010). As JPMorgan was the holder of the note, having possession of a note endorsed in blank when it filed the complaint, it had standing at the suit's inception.

*Affirmed.*

CIKLIN, C.J., WARNER and KLINGENSMITH, JJ, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Because JPMorgan was shown to be the holder (rather than acting on behalf of the holder) at the filing of the complaint, the real party in interest rule and *Elston/Leetsdale, LLC v. CWCapital Asset Management LLC*, 87 So. 3d 14, 16 (Fla. 4th DCA 2012), would not apply to defeat standing. Thus, under the original complaint, there was no need to demonstrate JPMorgan's authority as servicer because JPMorgan was the holder, as the trial court recognized.