# Third District Court of Appeal

## State of Florida

Opinion filed November 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-76
Lower Tribunal No. 10-6045
_____

**Tula Rincon,**
Appellant,

vs.

**Bank of America, N.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Eyal I. Friedman, for appellant.

Akerman LLP, Nancy M. Wallace and Ryan D. O'Connor, (Tallahassee); Akerman LLP, and William P. Heller, (Fort Lauderdale), for appellee.

Before WELLS, SHEPHERD and FERNANDEZ, JJ.

WELLS, Judge.

Tulia Rincon appeals from an order denying her Rule 1.540(b)(4) motion in this mortgage foreclosure action. For the following reasons, we affirm the order on appeal.

This action was commenced in January 2010 by U.S. Bank National Association, as Trustee of Mastr Adjustable Rate Mortgages Trust 2006-OA2 to foreclose a mortgage executed on September 28, 2006 by Rincon to secure a loan made to her by Countrywide Home Loans, Inc. The complaint alleged that U.S. Bank was the owner of the note, a copy of which was attached to the complaint and which was endorsed in blank by Countrywide Home Loans, Inc.[1], and that the mortgage had been assigned to it. A copy of the assignment from Mortgage Electronic registration Systems Inc. ("MERS"), as nominee for Countrywide Home Loans, Inc., to U.S. Bank, dated December 14, 2009, also was attached to the complaint. No answer or affirmative defenses were filed by Rincon in response to either complaint.

This matter was prosecuted by U.S. Bank as the named plaintiff until at least March 13, 2013 when, for reasons which do not appear in the record before us, Bank of America, N.A.'s name first appeared in the caption as the plaintiff in this

---

[1] In a subsequently filed verified amended complaint, U.S. Bank alleged that it was the holder of this note entitled to enforce it pursuant to section 673.3011 of the Florida Statutes.

case. Thereafter, on March 14, a final judgment of foreclosure was entered "in favor of Plaintiff, U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 206-OA2 [sic] ('Plaintiff')." While judgment was entered in favor of U.S. Bank, the plaintiff which filed the complaint in this action, the party named in the caption of the judgment as plaintiff was "BANK OF AMERICA, N.A., AS SUCCESS BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP."

Following almost two years of post-judgment delays, caused in part by two bankruptcy filings by Rincon, the foreclosed property was sold late in 2015. In October of 2015, Rincon, filed a verified motion to vacate the final judgment under Florida Rule of Civil Procedure 1.540(b)(4), in which she claimed that the judgment entered below was void because U.S. Bank lacked standing. According to Rincon, U.S. Bank lacked standing first because the assignment of her mortgage by MERS as Countrywide Home Loan, Inc.'s nominee to U.S. Bank was forged, and second because by the time the assignment was executed, Countrywide Home Loan, Inc. had merged with Bank of America, N.A. making it impossible for Countrywide Home Loan, Inc. to assign any mortgages. This, according to Rincon, was why "the style of the case was surreptitiously changed from US Bank

3

to Bank of America NA as Successor by Merger to BAC Home Loans Servicing LP FKA CountryWide Home Loans Servicing LP."

As the court below correctly determined, none of Rincon's arguments support Rule 1.540(b)(4) relief. As our sister court has made patently clear, lack of standing is an affirmative defense that must be raised either by way of responsive pleading or otherwise in the court below, but not for the first time either on appeal or in a Rule 1.540(b)(4) motion. Phadael v. Deutsche Bank Tr. Co. Americas, 83 So. 3d 893, 894-95 (Fla. 4th DCA 2012). Thus, as the court in Phadael held, where a defendant, like Rincon here, fails to respond to a foreclosure complaint or otherwise to defend before entry of judgment, a lack of standing claim "is not a ground for setting aside the judgment as 'void' under rule 1.540(b)(4)." Id. at 984.

Moreover, Rincon's claims that U.S. Bank had no standing to pursue this matter because Countrywide Home Loan, Inc.'s assignment of the mortgage was invalid either because it was a forgery or because Countrywide Home Loan, Inc. had no authority to assign its mortgage to U.S. Bank by virtue of a merger with Bank of America, N.A. are wholly unavailing. A copy of the promissory note endorsed in blank by Countrywide Home Loans, Inc. was attached to the original complaint. Because U.S. Bank was in possession of this bearer note at the time it filed this action and claimed to be both the holder and the owner of the note, it had standing to foreclose the mortgage:

4

Standing may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint. See WM Specialty Mortg., LLC v. Salomon, 874 So. 2d 680, 682–83 (Fla. 4th DCA 2004) ("[A] mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt ...."); see also Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115, 1117–18 (Fla. 2d DCA 2011). For example, standing may be established from a plaintiff's status as the note holder, regardless of any recorded assignments. Harvey v. Deutsche Bank Nat'l Trust Co., 69 So. 3d 300, 304 (Fla. 4th DCA 2011).

McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012) (stating that "[i]f the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement" to establish that the plaintiff as the holder of the note); see, e.g., Johns v. Gillian, 184 So. 140, 143 (Fla. 1938) ("[I]t has frequently been held that a mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt. If the note . . . secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary . . . ."); see also § 673.3011(1), Fla. Stat. (2016)(including within the definition of the term "person entitled to enforce" an instrument the "holder of the instrument"); Wells Fargo Bank, N.A. v. Morcom,

125 So. 3d 320, 322 (Fla. 5th DCA 2013) ("Applying portions of the Florida UCC, other district courts of appeal have determined that a party that holds a note endorsed in blank has standing to foreclose a mortgage. U.S. Bank Nat'l Ass'n v. Knight, 90 So. 3d 824, 825–26 (Fla. 4th DCA 2012); Riggs v. Aurora Loan Servs., LLC, 36 So. 3d 932, 933 (Fla. 4th DCA 2010); Mortg. Elect. Registration Sys., Inc. v. Azize, 965 So. 2d 151 (Fla. 2d DCA 2007); Mortg. Elect. Registration Sys., Inc. v. Revoredo, 955 So. 2d 33, 34 (Fla. 3d DCA 2007).").

In addition, the documents propounded by Rincon do not support her claim that Countrywide Home Loans, Inc. had no authority to assign its mortgage to U.S. Bank by virtue of a merger with Bank of America, N.A., thereby leaving Bank of America, N.A. as "the true owner of the note and mortgage" and explaining why the case caption purportedly "was surreptitiously changed from US Bank to Bank of America NA." At best, the documents attached to Rincon's Rule 1.540(b)(4) motion suggest that some Countrywide entities other than Countrywide Home Loans, Inc. have merged with some Bank of America entities. Those documents do not, however, have any bearing on whether Countrywide Home Loans, Inc., the entity which issued the instant promissory note, ever merged into Bank of America, N.A. There was, therefore, no need to "surreptitiously" or otherwise change the style of the instant action from U.S. Bank to "Bank of America, N.A.,

6

as Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP."

What is clear is that the entity that brought the instant action was U.S. Bank, and the entity to which the final judgment granted relief was U.S. Bank. The fact that the caption of the final judgment identified Bank of America, N.A. was no more than a scrivener's error and is no basis for reversal of the order denying Rule 1.540(b)(4) relief in the instant case. See Buchanan v. City of Winter Park, 226 So. 2d 860, 863 (Fla. 4th DCA 1969) ("An error in the caption of the order does not invalidate it.").

We agree that the final judgment contains a scrivener's error in its caption and that the correct name of the entity that brought this action and in whose favor judgment properly was entered is U.S. Bank National Association, as Trustee of Mastr Adjustable Rate Mortgages Trust 2006-OA2.

Accordingly, the order on appeal is affirmed.

FERNANDEZ, J., concurs.

SHEPHERD, J., concurring.

I write only to caution against an overly capacious application of the seemingly plenary statement in the majority opinion that "lack of standing is an affirmative defense that must be raised either by way of responsive pleading or otherwise in the court below," see Maj. Op. at p. 4, that has found its way into foreclosure cases in some of our sister courts, see Phadael v. Deutsche Bank Tr. Co. Americas, 83 So. 3d 893, 894-95 (Fla. 4th DCA 2012); Dage v. Deutsche Bank Nat. Trust Co., 95 So. 3d 1021 (Fla. 2d DCA 2012), and now this court.

The standing of which we speak is the requirement that the plaintiff must have possession of the promissory note bearing a special endorsement in favor of the plaintiff, an assignment in favor of the plaintiff or an endorsement in blank at the inception of the foreclosure action. McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). The requirement emanates from section 673.3011 of the Uniform Commercial Code as adopted in this state. See § 673.011, Fla. Stat. (2013) (stating that the "'person entitled to enforce' an instrument is . . . the holder of the instrument; or a nonholder in possession who has the rights of a holder"). It cannot be remedied by subsequently obtaining possession of the promissory note. Rigby v. Wells Fargo Bank, N.A., 84 So. 3d

8

1195, 1196 (Fla. 4th DCA 2012). It is this particular statutorily imposed standing obligation that we say in foreclosure cases must be raised early in the case or waived.

This requirement in foreclosure cases is to be distinguished from the constitutional standing requirement which all civil cases, including foreclosure cases, must meet in this state. The Florida Supreme Court summed up this constitutional requirement twenty-two years ago in Department of Revenue v. Kuhnlein, 646 So. 2d 717, 720-721 (Fla. 1994):

> [E]xcept as otherwise required by the constitution, Florida recognizes a general standing requirement in the sense that every case must involve a real controversy as to the issue or issues presented. See Interlachen Lakes Estates, Inc. v. Brooks, 341 So. 2d 993 (Fla.1976). Put another way, the parties must not be requesting an advisory opinion, id., except in those rare instances in which advisory opinions are authorized by the Constitution. E.g., art. IV, § 1(c), Fla. Const. (advisory opinions to Governor).

As we ourselves have held, to satisfy the constitutional standing requirement, "the plaintiff must show that a case or controversy exists between the plaintiff and the defendant, and that such controversy continues from the commencement through the existence of the litigation." Ferreiro v. Philadelphia Indem. Ins. Co., 928 So. 2d 374, 377 (Fla. 3d DCA 2006) (citing Godwin v. State, 593 So. 2d 211 (Fla. 1992); Montgomery v. Dep't of Health & Rehabilitative Servs., 468 So. 2d 1014 (Fla. 1st DCA 1985)). Should there be any question, the case before us meets both of these standing requirements.

9

With this clarification, I concur in the majority opinion.