SHEPHERD, J.,
concurring.
I write only to caution against an overly capacious application of the seemingly plenary statement in the majority opinion that “lack of standing is an affirmative defense that must be raised either by way of responsive pleading or otherwise in the court below,” see Maj. Op. at p. 795, that has found its way into foreclosure cases in some of our sister courts, see Phadael v. Deutsche Bank Tr. Co. Americas, 83 So.3d 893, 894-95 (Fla. 4th DCA 2012); Dage v. Deutsche Bank Nat. Trust Co., 95 So.3d 1021 (Fla. 2d DCA 2012), and now this court.
The standing of which we speak is the requirement that the plaintiff must have possession of the promissory note bearing a special endorsement in favor of the plaintiff, an assignment in favor of the plaintiff or an endorsement in blank at the inception of the foreclosure action. McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). The requirement emanates from section 673.3011 of the Uniform Commercial Code as adopted in this state. See § 673.3011, Fla. Stat. (2013) (stating that the “ ‘person entitled to enforce’ an instrument is ... the holder of the instrument; or a non-holder in possession who has the rights of a holder”). It cannot be remedied by subsequently obtaining possession of the promissory note. Rigby v. Wells Fargo Bank, N.A., 84 So.3d 1195, 1196 (Fla. 4th DCA 2012). It is this particular statutorily imposed standing obligation that we say in foreclosure cases must be raised early in the case or waived.
This requirement in foreclosure cases is to be distinguished from the constitutional standing requirement which all civil cases, including foreclosure cases, must meet in this state. The Florida Supreme Court summed up this constitutional requirement twenty-two years ago in Department of Revenue v. Kuhnlein, 646 So.2d 717, 720-721 (Fla.1994):
[Ejxcept as otherwise required by the constitution, Florida recognizes a general standing requirement in the sense that every case must involve a real controversy as to the issue or issues presented. See Interlachen Lakes Estates, Inc. v. Brooks, 341 So.2d 993 (Fla.1976). Put another way, the parties must not be requesting an advisory opinion, id., except in those rare instances in which advisory opinions are authorized by the Constitution. E.g., art. IV, § 1(c), Fla. Const, (advisory opinions to Governor).
As we ourselves have held, to satisfy the constitutional standing requirement, “the plaintiff must show that a case or controversy exists between the plaintiff and the defendant, and that such controversy continues from the commencement through the existence of the litigation.” Ferreiro v. Philadelphia Indem. Ins. Co., 928 So.2d 374, 377 (Fla. 3d DCA 2006) (citing Godwin v. State, 593 So.2d 211 (Fla.1992); Montgomery v. Dep’t of Health & Rehabilitative Servs., 468 So.2d 1014 (Fla. 1st DCA 1985)). Should there be any question, the case before us meets both of these standing requirements.'
With this clarification, I concur in the majority opinion.