NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TONY ROBINSON and DEBRA
ROBINSON,

        Appellants,

v.

NATIONSTAR MORTGAGE LLC and
REGENCY WEST APARTMENTS II
ASSOCIATION,

        Appellees.

Case No. 2D18-2842

Opinion filed December 4, 2019.

Appeal from the Circuit Court for Pinellas
County; Marion L. Fleming, Judge.

Matthew D. Weidner of Weidner Law,
P.A., St. Petersburg, for Appellants.

Nancy M. Wallace of Akerman LLP,
Tallahassee; and William P. Heller of
Akerman LLP, Fort Lauderdale, for
Appellee Nationstar Mortgage LLC.

No appearance for Appellee Regency
West Apartments II Association.

SLEET, Judge.

        Tony and Debra Robinson appeal the trial court's amended final judgment

of foreclosure entered in favor of Nationstar Mortgage, LLC, after a nonjury trial.

Because Nationstar failed to establish its standing at the inception of the lawsuit and the

trial court abused its discretion in granting Nationstar's motion to reopen the evidence to submit additional proof of standing, we reverse and remand for entry of involuntary dismissal.

This case has a long and convoluted procedural history. The note and mortgage executed by the Robinsons in 2006 was negotiated among several mortgagees before it was ultimately transferred by special endorsement to Deutsche Bank Trust Company. On February 28, 2012, Aurora Loan Services, LLC, filed the underlying foreclosure action against the Robinsons, alleging that it was the servicer for Deutsche Bank and that it had standing to enforce the note as a nonholder in possession of the note. The Robinsons timely filed their answer and affirmative defenses, one of which was that Aurora lacked standing to bring the foreclosure action. Shortly thereafter, Nationstar was substituted as party plaintiff in place of Aurora.

A nonjury trial was held, and in their written closing argument, the Robinsons argued that Nationstar had failed to establish that Aurora had standing at the inception of the case and that therefore the case should be dismissed. The trial court, however, disagreed and entered a final judgment of foreclosure in favor of Nationstar on June 25, 2015. The Robinsons moved for rehearing, arguing that Nationstar's evidence was insufficient to establish Aurora's standing at the inception of the lawsuit. Nationstar opposed the Robinsons' motion but conceded that it had not established its entitlement to attorney fees and requested that the court allow it to reopen the evidence as to that specific issue. The court denied the Robinsons' motion for rehearing on standing but granted Nationstar's request to reopen the evidence as to attorney fees and ordered Nationstar to schedule a hearing to address that issue.

Nationstar never set a hearing on attorney fees, and no corrected final judgment was ever submitted to the court. Instead, a foreclosure sale took place on December 16, 2015. The Robinsons moved to vacate the sale, arguing that it was improper to hold a foreclosure sale where no final judgment of foreclosure had been rendered. The trial court granted the motion.

However, before a final judgment could be rendered, Nationstar moved to reopen the evidence "to present additional proof of standing." Nationstar maintained that reopening the evidence would not prejudice the Robinsons because the trial court had previously agreed to open the evidence as to attorney fees and the judgment was not yet final. The trial court granted the motion over the Robinsons' objection, noting in its order that Nationstar had now waived its claim for attorney fees—the claim that had been the sole impediment to a final judgment being entered after the trial court granted Nationstar's request to reopen the evidence after entry of the initial final judgment. The trial court then conducted a second trial on June 20, 2018, following which it entered its amended final judgment of foreclosure in Nationstar's favor.

On appeal, the Robinsons argue that Nationstar's evidence in the first nonjury trial was insufficient to establish Aurora's standing at inception and that the trial court abused its discretion by allowing Nationstar to correct that deficiency by reopening the evidence as to standing three years after the first trial. We agree in both respects.

With regard to the Robinsons' first argument, "[a] substituted plaintiff acquires only the standing of the original plaintiff." Russell v. Aurora Loan Servs., LLC, 163 So. 3d 639, 642 (Fla. 2d DCA 2015); see also Kiefert v. Nationstar Mortg., LLC, 153 So. 3d 351, 353 n.4 (Fla. 1st DCA 2014). Furthermore, a foreclosure "plaintiff must prove that it had standing to foreclose when the complaint was filed." McLean v. JP

Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). As such, Nationstar, as successor plaintiff, had the burden to prove that its predecessor Aurora had standing to foreclose at the time it filed the complaint.

To that end, "Florida Rule of Civil Procedure 1.210(a), the real party in interest rule, 'permits an action to be prosecuted in the name of someone other than, but acting for, the real party in interest.' " Russell, 163 So. 3d at 642 (quoting Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151, 153 (Fla. 2d DCA 2007)). "Thus, 'a servicer may be considered a party in interest to commence legal action as long as the [real party in interest] joins or ratifies its action.' " Russell, 163 So. 3d at 642-43 (emphasis added) (quoting Elston/Leetsdale, LLC v. CWCapital Asset Mgmt. LLC, 87 So. 3d 14, 17 (Fla. 4th DCA 2012)).

Here, however, Nationstar failed to prove at the first trial that Aurora had been given legal authority to act on behalf of Deutsche Bank to bring this foreclosure action. At the first trial, Nationstar admitted into evidence the mortgage and original note, which was payable to Aegis Wholesale Corporation and bore three undated special endorsements. The first endorsement was from Aegis Wholesale Corporation to Aegis Mortgage Corporation. The second was from Aegis Mortgage Corporation to Residential Funding Company, LLC. And the third endorsement was from Residential Funding Company, LLC, to Deutsche Bank Trust Company Americas as trustee. Nationstar also presented a senior default specialist who had been employed with Nationstar since 2013 and who testified that Aurora possessed the note in 2009. This evidence, however, did not establish that at the time it filed the complaint, Aurora had been authorized by Deutsche Bank to prosecute the foreclosure on Deutsche Bank's behalf.

- 4 -

This case is factually similar to Russell, 163 So. 3d at 643.  Like in Russell, Nationstar failed to present "any evidence, affidavits[,] or other documents"—such as a pooling and service agreement, an assignment agreement, trust records, or mortgage loan schedules—to support "its allegation that it was authorized to prosecute the action on behalf of" Deutsche Bank.  See id. (alteration in original) (quoting Elston/ Leetsdale, 87 So. 3d at 17).   And, as in Russell, Aurora itself verified the complaint, rather than it being verified by the real party in interest—Deutsche Bank.  See id. Furthermore, Nationstar introduced, over the Robinsons' objection, a limited power of attorney (POA) by which Deutsche Bank had appointed Nationstar as successor servicer to Aurora "in connection with all mortgage loans serviced by the Servicer pursuant to the Agreement."  However, the POA was dated August 6, 2012—more than five months after the initial complaint was filed—and it indicated that Nationstar assumed the servicing of "mortgage loans" in August 2012, but it did not make any reference to whether the Robinsons' loan was included in the trust.  See id.  Faced with almost identical evidence in Russell, this court concluded that "Nationstar's evidence established that it was the current loan servicer for Deutsche Bank; it did not prove that Aurora had standing as a prior servicer."  Id.

As such, at the close of the first trial, Nationstar had failed to establish its standing, as successor plaintiff to Aurora, at the inception of the case.  Accordingly, the trial court erred in entering final judgment of foreclosure in favor of Nationstar following the first trial and in denying the Robinsons' motion for rehearing of that judgment.

On appeal, Nationstar maintains that it established its standing through evidence it presented at the second trial, which the court conducted after it granted Nationstar's motion to reopen the evidence.  However, we conclude that this evidence

- 5 -

was not properly before the trial court because the trial court abused its discretion in reopening the evidence to allow Nationstar to present additional proof of standing.

It is true that a trial court has discretion to reopen evidence and take additional testimony. See Fla. R. Civ. P. 1.530(a) ("On a motion for a rehearing of matters heard without a jury . . . the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment."). However, "[g]enerally, to reopen a case, a party must establish two evidentiary predicates. The first predicate is that the presentation of evidence will not unfairly prejudice the opposing party[,] and [the] second [is] that reopening will serve the best interests of justice." Gulf Eagle, LLC v. Park E. Dev., Ltd., 196 So. 3d 476, 479 (Fla. 2d DCA 2016). Additionally, "the trial judge should consider . . . the magnitude of the moving party's omission." Hernandez v. Cacciamani Dev. Co., 698 So. 2d 927, 928 (Fla. 3d DCA 1997).

Here, in its order granting Nationstar's motion to reopen the evidence, the trial court concluded that the Robinsons would not be unfairly prejudiced "as this [c]ourt has already found that Plaintiff Bank had standing to foreclose pursuant to Order entered on May 4, 2015." Putting aside our confusion as to why the trial court felt the need to reopen the evidence on an issue it believed the plaintiff had already proven, for the reasons we have already set forth, it is clear that Nationstar in fact did not prove standing at the first trial. As such, the trial court's reopening the evidence allowed Nationstar the proverbial second bite at the apple to prove an essential element of its case.

The Robinsons had immediately moved for rehearing following entry of the initial final judgment of foreclosure and spelled out exactly how Nationstar's evidence was lacking with regard to proving standing at inception. By successfully moving to

reopen the evidence on the issue of attorney fees but never following through on that issue by securing hearing time or submitting a corrected final judgment, Nationstar successfully kept this case pending before the trial court for three years. During that time, the Robinsons were unable to bring what would have been a successful appeal of that final judgment. Instead, Nationstar used the Robinsons' own rehearing argument to correct the deficiencies in its case and present evidence that it no doubt had access to before—and could have presented at—the first trial. We can come to no other conclusion but that the trial court's decision to allow Nationstar to reopen its evidence to present additional proof of standing greatly prejudiced the Robinsons without serving the best interests of justice. Furthermore, as Nationstar acknowledged in its motion to reopen the evidence, standing is "an essential element of th[is] foreclosure action," rendering its evidentiary failure at the first hearing an omission of great magnitude. Cf. Hernandez, 698 So. 2d at 928-29.

As such, the trial court's inexplicable decision to grant Nationstar a "do over" in the form of a second trial three years after the final judgment of foreclosure had been entered amounted to an abuse of discretion. And Nationstar's failure to present sufficient evidence of standing at the first trial constitutes a failure of proof for which remand for entry of involuntary dismissal of the complaint is appropriate. See Correa v. U.S. Bank N.A., 118 So. 3d 952, 956 (Fla. 2d DCA 2013) ("[A]ppellate courts do not generally provide parties with an opportunity to retry their case upon a failure of proof." (alteration in original) (quoting Morton's of Chicago, Inc. v. Lira, 48 So. 3d 76, 80 (Fla. 1st DCA 2010)); see also Dickson v. Roseville Props., LLC, 198 So. 3d 48, 52 (Fla. 2d DCA 2015); Creadon v. U.S. Bank N.A., 166 So. 3d 952, 954 (Fla. 2d DCA 2015); Russell, 163 So. 3d at 643.

Reversed and remanded for entry of involuntary dismissal.


BADALAMENTI and ROTHSTEIN-YOUAKIM, JJ., Concur.