PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Civil Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Previously in this ease, the Civil Procedure Rules Committee filed a “Fast-Track Report in Response to Legislative Changes,” under Florida Rule of Judicial Administration 2.140(e), proposing amendments to form 1.996(a) (Final Judgment of Foreclosure) in order to bring it into conformity with current statutory provisions and requirements, improve the form’s clarity and readability, and better conform to prevailing practices in the courts.[1] The Court adopted the amendments to this form, along with amendments to other Rules of Civil Procedure and Forms, in an opinion consolidated with In re Amendments to the Florida Rules of Civil Procedure, case number SC09-1460. See In re Amendments to Fla. Rules of Civil Pro., 44 So.3d 555 (Fla.2010). The amendments in case number SC09-1460 were prompted by the recommendations of the Task Force on Residential Mortgage Foreclosure Cases that was “established to recommend to the Supreme Court policies, procedures, strategies, and methods for easing the backlog of pending residential mortgage foreclosure cases while protecting the rights of parties.” In re Task Force on Residential Mortgage Foreclosure Cases, Fla. Admin. Order No. AOSC09-8, at 2 (March 27, 2009) (on file with Clerk of the Florida Supreme Court).
Along with the amendments to form 1.996(a), rule 1.110(b) was amended to require verification of mortgage foreclosure complaints involving residential real property. One of the primary purposes of this amendment was to ensure that plaintiffs and plaintiffs’ counsel do their “due diligence” and appropriately investigate and verify ownership of the note or right to enforce the note and ensure that the allegations in the complaint are accurate. In light of recent reports of alleged document fraud and forgery in mortgage foreclosure cases, this new requirement is particularly *1141 important. The Court also adopted new form 1.924 (Affidavit of Diligent Search and Inquiry) to standardize affidavits of diligent search and inquiry and provide information to the court regarding the methods used to attempt to locate and serve the defendant and new form 1.996(b) (Motion to Cancel and Reschedule Foreclosure Sale) to provide the court with an explanation of why a foreclosure sale needs to be cancelled and request that the court reschedule the sale.
Because, unlike the other amendments, the amendments to form 1.996(a) had not been published for comment prior to adoption, the opinion adopting the amendments provided a sixty-day comment period with regard to the amendments to that form. Several comments were filed, and the committee filed a response.
Upon consideration of the comments and the committee’s response thereto, we adopt two further amendments to form 1.996(a). First, in recognition of assertions in the comments that flat rate attorneys’ fee agreements are common in mortgage foreclosure cases, we amend the attorneys’ fee provisions of the form to accommodate this option. Second, in order to ensure that the provisions of the form are not contrary to the Protecting Tenants at Foreclosure Act of 2009, Pub.L. No. 111-22, §§ 701-704, 123 Stat. 1660-62, we delete the sentence from paragraph six of the form stating, “If any defendant remains in possession of the property, the clerk shall without further order of the court issue forthwith a writ of possession upon request of the person named on the certificate of title.”
Accordingly, form 1.996(a) (Final Judgment of Foreclosure) is hereby amended as reflected in the appendix to this opinion. Added language is underlined; deleted language is struck through. The amendments to the form shall become effective immediately upon the release of this opinion.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS; QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
FORM 1.996(a). FINAL JUDGMENT OF FORECLOSURE
FINAL JUDGMENT
This action was tried before the court. On the evidence presented
IT IS ADJUDGED that:
1. Plaintiff, .(name and address) ., is due
*1142 [[Image here]]
that shall bear interest at the rate of .% a year.
2. Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property in . County, Florida:
(describe property)
3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on .(date)., to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at .(street address of courthouse). in . County in .(name of city)., Florida, in accordance with section 45.031, Florida Statutes, using the following method (CHECK ONE):
□ At .(location of sale at courthouse; e.g., north door)., beginning at .(time of sale).on the prescribed date.
□ By electronic sale beginning at .(time of sale).on the prescribed date at.(website).
4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable *1143 on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiffs bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.
5. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiffs costs; second, documentary stamps affixed to the certificate; third, plaintiffs attorneys’ fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.
6. On filing the certificate of sale, defendants) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property. If any defendant -remains — in possession of the property, the clerk shall without-further-order of the court issue forthwith a writ of possession upon request of--the'person named on the certificate of title
7. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment.
IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.
IF YOU ARE A SUBORDINATE LIEN-HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.
[If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type:]
IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, (INSERT INFORMATION FOR APPLICABLE COURT) WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.
IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY *1144 OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT (INSERT LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT (NAME OF LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.
ORDERED at ., Florida, on .(date).
[[Image here]]
Judge
NOTE: Paragraph 1 must be varied in accordance with the items unpaid, claimed, and proven. The form does not provide for an adjudication of junior lienors’ claims nor for redemption by the United States of America if it is a defendant. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; Hott Interiors, Inc. v. Fostock, 721 So.2d 1236 (Fla. 4th DCA1998).
Committee Notes
[No change]

. This form was originally numbered 1.996, but was renumbered as 1.996(a) due to the adoption of a new form 1.996(b) (Motion to Cancel and Reschedule Foreclosure Sale). See In re Amendments to Fla. Rules of Civil Pro., 44 So.3d 555 (Fla.2010).