ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM*
| ,This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Derrick D.T. Shepherd, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public. In re: Shepherd, 08-1890 (La.8/14/08), 988 So.2d 243.
UNDERLYING FACTS

Count I

In April 2008, a federal grand jury in New Orleans returned an indictment charging respondent, who was then serving as a Louisiana State Senator, with multiple counts of mail fraud, conspiracy to commit mail and wire fraud, and conspira *284 cy to commit money laundering. The indictment alleged that respondent helped a convicted bond broker launder nearly $141,000 in fraudulently generated bond fees. In October 2008, respondent pleaded guilty to one felony count of conspiracy to commit money laundering, a violation of 18 U.S.C. § 1956(h). The remaining counts against him were dismissed. Respondent was subsequently sentenced to serve a thirty-seven month term of imprisonment and was ordered to pay a $45,000 fine.
|2In the factual basis for the guilty plea, respondent admitted that he conspired with Gwendolyn Moyo to launder construction bond premiums paid to AA Communications, Inc. after the company was ordered to cease and desist from engaging in the insurance business and after its bank accounts were seized by state regulators. Specifically, in December 2006, respondent deposited into his client trust account $140,686.21 in checks related to bond premiums and made payable to AA Communications. He then wrote checks totaling $75,000 payable to Ms. Moyo and her associates.[1] Of the remaining funds, respondent transferred $55,000 to his law firm’s operating account and deposited $15,000 into his personal checking account. He then moved $8,000 from the operating account back into his client trust account. On December 21, 2006, respondent paid off $20,000 in campaign debt from his operating account, writing “AA Communications” on the memo line of the check. To conceal this activity, respondent created false invoices and time sheets reflecting work purportedly done by his law firm on behalf of Ms. Moyo.
The ODC alleged that respondent’s conduct violated Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.

Count II

The ODC obtained copies of the bank records for respondent’s client trust account for the period between October 1, 2006 and April 30, 2007. Following its review of these records, the ODC determined that respondent converted client | afunds on several occasions, frequently to cure negative balances in the trust account. He also failed to accurately account for disbursements made to his clients and commingled his personal funds with client funds.
The ODC alleged that respondent’s conduct violated Rules 1.15(a) (a lawyer shall hold property of clients or third persons that is in a lawyer’s possession in connection with a representation separate from the lawyer’s own property), 8.4(a), and 8.4(c) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
In February 2010, the ODC filed two counts of formal charges against respondent, as set forth above. The ODC sought the imposition of permanent disbarment for respondent’s misconduct.
Respondent initially failed to file an answer to the formal charges, and as a result, the factual allegations thereof were deemed admitted and proven by clear and convincing evidence. Thereafter, respondent answered the formal charges and admitted his criminal conviction, but denied any misconduct. Accordingly, the deemed admitted order was recalled, and this mat *285 ter was set for a formal hearing on the merits on September 14, 2010.
In June 2010, respondent filed a motion to continue the hearing until April 2011, citing his enrollment in a substance abuse treatment program at the federal penitentiary where he was incarcerated.[2] The hearing committee chair denied respondent’s motion for a continuance, and the hearing proceeded as scheduled on September 14, 2010. Respondent did not appear at the hearing or seek to participate by telephone, nor was counsel present at the hearing to represent him.
[ ¿Hearing Committee Report
Following the hearing, the hearing committee issued its report, in which it concluded that respondent was convicted of a felony criminal offense involving obvious dishonesty, fraud, deceit, and misrepresentation. In addition, the committee found respondent improperly maintained his client trust account and failed to appropriately tender funds to clients in a timely fashion. Finding his misconduct demonstrates he is not fit to practice law in Louisiana, the committee recommended respondent be permanently disbarred.

Disciplinary Board Recommendation

On November 8, 2010, in response to the hearing committee’s report, respondent filed a motion for continuance, requesting that any further proceedings in this matter be delayed until after he is released from federal custody on June 20, 2011, “so that he may be present to offer matters in mitigation and more accurately describe [his] situation.” On November 22, 2010, the disciplinary board denied respondent’s motion, but agreed to hold open the record “until June 30, 2011 for Respondent to make a written submission to the Board.” The board further ordered that the ODC would have ten days to reply to any submission made by respondent, following which “the Record will be deemed closed and the matter fully submitted for decision.”
On July 5, 2011, at which time respondent was still incarcerated in a federal penitentiary, he filed a pleading with the board seeking a further stay or continuance of the proceedings. In this filing, respondent asserted that his criminal conviction is not yet final because he has moved to set aside his guilty plea, on the ground that the plea “was obtained because of coercion and deceit.” The ODC opposed respondent’s request, maintaining that the criminal conviction is final and that respondent was merely “engaged in a collateral attack of his guilty plea IfiConviction.” On July 12, 2011, the disciplinary board denied respondent’s request for a stay or continuance. On September 16, 2011, the board filed its report with this court, recommending respondent be permanently disbarred.
At the outset, the disciplinary board rejected respondent’s argument that his conviction is not yet final because he is attempting to have his guilty plea set aside. The board noted that in In re: Dillon, 11-0331 (La.7/1/11), 66 So.3d 434, this court held that habeas proceedings or other proceedings for post-conviction relief do not affect the finality of a conviction for the purposes of attorney disciplinary proceedings. In the instant case, the board found the relief respondent is seeking is eonsid- *286 ered a post-conviction claim, given the language of the plea agreement signed by respondent in which he waived certain appeal rights and “his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under” 28 U.S.C. § 2255. Therefore, insofar as this proceeding is concerned, the board determined that respondent’s conviction is final.
Turning to the merits of the matter, the board found the hearing committee’s factual findings are not manifestly erroneous. Based on these findings, the board found respondent violated the Rules of Professional Conduct as charged. The board determined that respondent knowingly and intentionally violated duties owed to his clients, the public, and the profession, causing actual harm. The baseline sanction for respondent’s misconduct is disbarment.
In mitigation, the board acknowledged that respondent has no prior disciplinary record, and that other penalties or sanctions were imposed upon him in connection with his criminal conviction. The board found the following aggravating factors are present: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the | (¡conduct, vulnerability of the victims, substantial experience in the practice of law (admitted 1997), and illegal conduct.
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended respondent be permanently disbarred.
Neither respondent nor the ODC filed a timely objection in this court to the disciplinary board’s recommendation. However, after the expiration of the time for filing objections under Supreme Court Rule XIX, § 11(G)(1), respondent sought to file a “late” objection. On November 10, 2011, we issued an order rejecting respondent’s objection as untimely and therefore procedurally improper, but permitting the filing of briefs, without oral argument. Respondent and the ODC both filed briefs in response to the court’s order.[3]
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to *287 be imposed in a given case depends upon the |7seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
Here, respondent stands convicted of conspiracy to commit money laundering.[4] This crime is a felony under federal law and clearly warrants serious discipline. Indeed, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar of this state.
We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct which might be considered worthy of permanent disbarment. For purposes of the instant case, Guideline 6 is relevant. That guideline provides:
GUIDELINE 6. Insurance fraud, including but not limited to staged accidents or widespread runner-based solicitation.
The record reflects that respondent knowingly laundered $141,000 in insurance bond proceeds through his client trust account for Ms. Moyo and AA Communications, after they had been ordered to cease and desist from engaging in the business of insurance and after their bank accounts had been seized by state insurance regulators. In doing so, respondent promoted and facilitated the unlawful activity of his co-conspirators. He returned $75,000 to Ms. Moyo and kept the rest of the funds for himself, using $20,000 to retire his campaign debt. To conceal all of this activity, respondent created false billing statements and time ^records reflecting work his law firm had purportedly done on behalf of his “client,” Ms. Moyo. This reprehensible conduct clearly falls within the scope of the permanent disbarment guidelines.
We have considered the arguments in mitigation which respondent presented in his supplemental brief, as well as the letter from the U.S. Attorney’s Office confirming that he was given a reduction in his prison sentence due to the assistance he provided the government in other matters. However, this information does not change our conclusion that permanent disbarment is the appropriate sanction in this case. As a state senator, respondent occupied a position of public trust. He is therefore held to even a higher standard of conduct than an ordinary attorney. In re: Naccari, 97-1546 (La.12/19/97), 705 So.2d 784; In re: Huckaby, 96-2643 (La.5/20/97), 694 So.2d 906. Respondent breached this standard by willingly entering into a money laundering scheme and trying to disguise his misdeeds as legitimate legal work, causing incalculable harm to the public’s perception of the legal profession.
Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.[5]
*288 DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that the name of Derrick D.T. Shepherd, Louisiana Bar Roll number 24878, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being |flreadmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. Copies of these checks in the record reflect that many contain the notation "settlement proceeds.”

. Respondent suggested that "the cause of his behavior which necessitates these proceedings are [sic] related to drug and alcohol abuse,” for which he had "voluntarily enrolled in a 9 ½ month 500 hour drug & alcohol in-house rehabilitation program.” Respondent indicated that after he completed this program, he would be eligible for an early release from prison and could return to New Orleans to "begin re-entry back into society.”

. Simultaneously with the filing of his brief, respondent filed a motion requesting that this court consider sealed documents as further mitigation evidence. Respondent also filed a motion to remand this matter for a new hearing. On February 1, 2012, we denied both motions.
Thereafter, respondent filed a motion seeking to introduce new evidence in the form of a February 9, 2012 letter from the Office of the United States Attorney for the Eastern District of Louisiana. The letter, which was offered by respondent in lieu of the sealed evidence he had previously submitted, relates that he was given a seven-month reduction in his original thirty-seven month sentence due to his "substantial assistance to the government in criminal investigations.” By order dated May 23, 2012, we received this letter into evidence but otherwise declined to reconsider our February 1, 2012 order. Respondent was subsequently permitted to file an additional brief addressing the effect of his cooperation on the issue of an appropriate sanction in this matter.

. Respondent’s federal criminal conviction is final for purposes of this disciplinary proceeding. See Supreme Court Rule XIX, § 19(E); In re: Dillon, supra; Louisiana State Bar Ass’n v. Shaheen, 338 So.2d 1347 (La.1976).

. Because the imposition of permanent disbarment is the most severe sanction that can be imposed on respondent, having the effect of forever removing him from the bar of this state, we find it is not necessary to discuss the misconduct charged in the second count of the formal charges. See, e.g., In re: Maxwell, 09-2658 (La.7/6/10), 44 So.3d 668.