LaROSE, J.
Deutsche Bank National Trust Company seeks certiorari review of a nonfinal order dismissing its foreclosure action against Burke and Nancy Prevratil and granting Deutsche Bank sixty days to amend its complaint. We conclude that the trial court departed from the essential requirements of law by requiring Deutsche Bank, not its loan servicer, to verify the foreclosure complaint. Accordingly, we grant the petition for writ of certiorari and quash the trial court’s order.
Select Portfolio Services (SPS), Deutsche Bank’s loan servicer, verified the foreclosure complaint as attorney in fact on July 6, 2011. Florida Rule of Civil Procedure 1.110(b) and section 92.525, Florida Statutes (2011), govern verification. Rule 1.110(b) provides, in pertinent part, as follows:
When filing an action for foreclosure of a mortgage on residential real property the complaint shall be verified. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement: “Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.”
Section 92.525 provides, in pertinent part, as follows:
(1) When it is authorized or required by law, by rule of an administrative agency, or by rule or order of court that a document be verified by a person, the verification may be accomplished in the following manner:
(a)Under oath or affirmation taken or administered before an officer authorized under s. 92.50 to administer oaths; or
(b) By the signing of the written declaration prescribed in subsection (2).
(2) A written declaration means the following statement: “Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true,” followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words “to the best of my knowledge and belief’ may be added. The written declaration shall be printed or typed at the end of or immediately below the document being verified and above the signature of the person making the declaration.
[[Image here]]
(4) As used in this section:
[[Image here]]
(c) the requirement that a document be verified means that the document must be signed or executed by a person and that the person must state under oath or affirm that the facts or matters stated or recited in the document are true, or words of that import or effect.
In their motion to dismiss, the Prevratils alleged that Deutsche Bank failed to comply with rule 1.110(b) because SPS was not the plaintiff and its verification failed to assert that SPS was the loan servicer or otherwise had any knowledge of the complaint’s allegations. The Prevratils relied on the supreme court’s statement in In re Amendments to the Florida Rules of Civil Procedure, 44 So.3d 555, 556 (Fla.2010):
[ R]ule 1.110(b) is amended to require verification of mortgage foreclosure complaints involving residential real property. The primary purposes of this amendment are (1) to provide incentive for the plaintiff to appropriately investí- *575 gate and verify its ownership of the note or right to enforce the note and ensure that the allegations in the complaint are accurate; (2) to conserve judicial resources that are currently being wasted on inappropriately pleaded “lost note” counts and inconsistent allegations; (3) to prevent the wasting of judicial resources and harm to defendants resulting from suits brought by plaintiffs not entitled to enforce the note; and (4) to give trial courts greater authority to sanction plaintiffs who make false allegations.
See also In re Amendments to the Fla. Rules of Civil Procedure-Form 1.996 (Final Judgment of Foreclosure), 51 So.3d 1140, 1140-41 (Fla.2010) (“In light of recent reports of alleged document fraud and forgery in mortgage foreclosure cases, this new requirement is particularly important”).
In response to the motion, Deutsche Bank filed a copy of the February 22, 2011, power of attorney appointing SPS its attorney in fact in connection with all mortgage loans serviced by SPS. The trial court dismissed the complaint but allowed Deutsche Bank an opportunity to amend.
Deutsche Bank argues that the trial court imposed restrictions beyond those of rule 1.110(b). We acknowledge that the verification requirement is a new addition to the Florida Rules of Civil Procedure; no appellate case has addressed whether rule 1.110(b) allows verification by power of attorney. Based on the absence of controlling case law, the Prevratils argue that the order does not violate a clearly established principle of law. We disagree.
To obtain certiorari relief, Deutsche Bank must demonstrate “ ‘(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.’ ” See Trucap Grantor Trust 2010-1 v. Pelt, 84 So.3d 369, 371 (Fla. 2d DCA 2012) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004), and citing Fassy v. Crowley, 884 So.2d 359, 363 (Fla. 2d DCA 2004)). The second and third prongs are jurisdictional. Id. at 371.

Material Injury not Correctable on Appeal

In granting the motion to dismiss, the trial court imposed a verification requirement that rule 1.110(b) does not. If Deutsche Bank filed the amended complaint as directed by the trial court, it could obtain a foreclosure judgment. “It is elementary that a party cannot appeal from, or file any proceedings to review, an order or judgment in his favor.” Emp’rs Fire Ins. Co. v. Blanchard, 234 So.2d 381, 382 (Fla. 2d DCA 1970) (citing Paul v. Kanter, 155 So.2d 402 (Fla. 3d DCA 1963)). Thus, in that case, Deutsche Bank would be unable to obtain an adequate remedy by postjudgment appeal. See Gen. Motors Acceptance Corp. v. Davis, 664 So.2d 1025, 1027 (Fla. 2d DCA 1995). Deutsche Bank would be deprived of its right to delegate verification duties to its loan servicer.

Departure from the Essential Requirements of the Law

“A departure from the essential requirements of the law is more than simple legal error; rather, it is ‘a violation of a clearly established principle of law resulting in a miscarriage of justice.’ ” Trucap Grantor Trust 2010-1, 84 So.3d at 371 (quoting Fassy, 884 So.2d at 364). Clearly established law emanates from a variety of sources, including but not limited to case law and to “an interpretation or application of a statute, a procedural rule, or a constitutional provision.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003). In this case, the trial court departed from the essential requirements of law *576 by refusing to give effect to SPS’s power of attorney. See § 709.08, Fla. Stat. (2010).
Section 709.08, Florida Statutes (2010),[1] provided, in pertinent part, as follows:
(6) PROPERTY SUBJECT TO DURABLE POWER OF ATTORNEY. — Unless otherwise stated in the durable power of attorney, the durable power of attorney applies to any interest in property owned by the principal, including, without limitation, the principal’s interest in all real property, including homestead real property; all personal property, tangible or intangible; all property held in any type of joint tenancy, including a tenancy in common, joint tenancy with right of survivorship, or a tenancy by the entirety; all property over which the principal holds a general, limited, or special power of appointment; chooses in action; and all other contractual or statutory rights or elections, including, but not limited to, any rights or elections in any probate or similar proceeding to which the principal is or may become entitled.
(7) POWERS OF THE ATTORNEY IN FACT AND LIMITATIONS.—
(a) Except as otherwise limited by this section, by other applicable law, or by the durable power of attorney, the attorney in fact has full authority to perform, without prior court approval, every act authorized and specifically enumerated in the durable power of attorney.
Section 709.08(7)(b)(2) provides that the attorney in fact may not “[mjake any affidavit as to the personal knowledge of the principal.” The Prevratils concede, however, that “Rule [1.110] does not require that the verification be based on personal knowledge.” It requires only that the plaintiff verify that “the facts alleged therein are true and correct to the best of my knowledge and belief.”[2]
The verification shows that SPS verified the complaint as Deutsche Bank’s attorney in fact. The power of attorney predates the filing of the complaint.[3] The power of attorney specifically allows SPS to act as Deutsche Bank’s attorney in fact
8. With respect to a Mortgage or Deed of Trust, the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or rescission of any such foreclosure....
(Emphasis added).
Of course, Deutsche Bank’s grant of the power of attorney does not absolve *577 Deutsche Bank of its due-diligence responsibility. Section 709.08[4] provides, in pertinent part, as follows:
(4) PROTECTION WITHOUT NOTICE; GOOD FAITH ACTS; AFFIDAVITS.—
(a) Any third party may rely upon the authority granted in a durable power of attorney that is not conditioned on the principal’s lack of capacity to manage property until the third party has received notice as provided in subsection (5). A third party may, but need not, require the attorney in fact to execute an affidavit pursuant to paragraph (c).
Deutsche Bank is responsible for SPS’s actions as its agent pursuant to the power of attorney. See Babul v. Golden Fuel, Inc., 990 So.2d 680, 684 (Fla. 2d DCA 2008) (holding agent acting within course and scope of agency relationship with disclosed principal not liable for principal’s debts or obligations arising from contracts agent negotiates or executes on principal’s behalf).
We grant the petition for writ of certio-rari and quash the trial court’s order.
Petition granted.
NORTHCUTT and CRENSHAW, JJ., Concur.

. Section 709.08 was repealed along with sections 709.01, 709.015, and 709.11, and replaced with sections 709.2101-.2402, after execution of the power of attorney and the filing of the complaint here, but before the date of the order on review. See ch. 2011-210, § 33, at 3273; ch. 2011-210, §§ 2-33, at 3254-3273, Laws of Fla., effective Oct. 1, 2011.

. We note that section 709.08(7)(b)(6) states that an attorney in fact may not “[ejxercise powers and authority granted to the principal as trustee or as court-appointed fiduciary.” The issue of whether this affects SPS's authority to exercise powers granted to Deutsche Bank as Indenture Trustee was not raised below and is not raised here. We will not address the issue.

.Section 709.2106, Florida Statutes (2011), provides, in pertinent part, as follows:
(2) A power of attorney executed before October 1, 2011, is valid if its execution complied with the law of this state at the time of execution.
(3) A power of attorney executed in another state which does not comply with the execution requirements of this part is valid in this state if, when the power of attorney was executed, the power of attorney and its execution complied with the law of the state of execution.
This power of attorney was executed in California and is governed by New York law.

. Section 709.08 was in effect in February 2011 when the power of attorney was executed and in July 2011 when the complaint was filed. At the time of the March 20, 2012, order dismissing the complaint, section 709.2119(l)(a), Florida Statutes (2011) was in effect. See ch. 2011-210, § 21, at 3264, effective Oct. 1, 2011. Section 709.2119(l)(a) provides, in pertinent part, as follows:
A third person who in good faith accepts a power of attorney that appears to be executed in the manner required by law at the time of its execution may rely upon the power of attorney and the actions of the agent which are reasonably within the scope of the agent’s authority and may enforce any obligation created by the actions of the agent....