ALTENBERND, Judge.
US Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc.2007-AHL1, Asset-Backed Pass-Through Certificates Series 2007-AHL1, appeals an order dismissing its foreclosure action against Leroy Marion, Lue Rita Marion, and other unknown parties. The trial court dismissed this action because the complaint was verified by an employee *399 of the servicing agent, Wells Fargo Bank, N.A., and not by an employee of U.S. Bank. This court recently granted relief in a certiorari proceeding that involved similar circumstances. Deutsche Bank Nat’l Trust Co. v. Prevratil, 120 So.3d 578 (Fla. 2d DCA May 22, 2013). We likewise reverse this order and remand for further proceedings.
In reversing this order, we note that Florida Rule of Civil Procedure 1.110(b) requires verification of a complaint that is filed in an action for foreclosure on residential real property. With respect to the required verification, the rule specifically states:
When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement:
“Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.”
A problem with the required verification arises from the fact that an entity like U.S. Bank cannot sign a verification or an affidavit as “I.” Most foreclosure actions are filed by commercial entities with numerous employees, agents, or independent contractors. As a result, some human being must sign the verification stating “I declare .... ”
The circuit courts are understandably concerned about complaints filed by an entity like U.S. Bank and verified by an unidentified person. In this case, the initial complaint was verified by a woman whose title was “legal process specialist.” An amended complaint was verified by a man who is identified as “vice president loan documentation,” signing as a representative of “Wells Fargo Bank, N.A. as contractual servicer for U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2007-AHL1, Asset-Backed Pass-Through Certificates Series 2007-AHL1.” It is not clear whether either of the verifiers would be subject to the jurisdiction of the court if their verifications proved to be false.
Thus, although we reverse this order, we are not holding that a trial court lacks the authority to require a plaintiff in a foreclosure action to provide additional information concerning the person signing the verification. Likewise, we do not decide whether the trial court may require that the person signing the verification be within or otherwise submit to the jurisdiction of the court.
Reversed and remanded.
WALLACE and CRENSHAW, JJ., Concur.