SILBERMAN, Judge.
Deutsche Bank National Trust Company-seeks review of a final order dismissing its second amended foreclosure complaint. At issue in this case is whether a loan servicer’s verification of a foreclosure complaint on behalf of a foreclosure plaintiff must be accompanied by evidence documenting the servicer’s authority to sign. We answer this question in the negative and reverse.
Deutsche Bank’s first amended foreclosure complaint was verified by an assistant vice president of Bank of America, N.A. (BANA) “as authorized agent and loan ser-vicer for Deutsche Bank.” Deutsche Bank alleged that BANA is authorized to execute the verification as Deutsche Bank’s agent and loan servicer. Defendants Robert and Mary Plageman filed a motion to dismiss this complaint because it was verified by an alleged agent rather than by Deutsche Bank as the plaintiff. At a hearing on the motion, the Plagemans alternatively argued that the verification was improper because Deutsche Bank did not attach evidence of BANA’s authority to sign the verification. The trial court granted the motion to dismiss with leave to amend, stating that BANA could verify the complaint provided its right to do so was substantiated by evidence.
Deutsche Bank filed a second amended complaint which contained the same allegation as to BANA’s authority to execute the verification. The complaint included another notarized verification by the “AVP, Sr. Operations Manager” of BANA “as authorized agent and loan servicer for Deutsche Bank.” Deutsche Bank did not attach or file any evidence to support the verification. After the Plagemans filed another motion to strike or dismiss, the trial court held a hearing and stated it would dismiss the second amended complaint with leave to amend. Deutsche Bank said it would stand on the second amended complaint as written and requested a final, appealable order dismissing the case. The court refused and ordered that the second amended complaint be dismissed with leave to amend within twenty days. When the twenty days passed without amendment, the court entered a final order dismissing the second amended complaint without further leave to amend. It is from this order that Deutsche Bank appeals.
Preliminarily, we reject the Plagemans’ argument that Deutsche Bank is not entitled to relief from the order on review because Deutsche Bank requested entry of a final order of dismissal. Deutsche Bank did not request dismissal for its own benefit but to obtain a final, appealable order that would trigger this court’s review jurisdiction. See, e.g., BAC Home Loan Servicing, L.P. v. Stentz, 91 So.3d 285, 236 n. 2 (Fla. 2d DCA 2012).
We also reject the Plagemans’ argument that Deutsche Bank is precluded from raising this issue on appeal because it did not file a notice of appeal from the earlier orders dismissing the complaint with leave to amend based on the improper verification. Deutsche Bank could not have appealed the court’s earlier orders when entered because they were non-final, non-appealable orders. See Klein v. Pinellas Cnty., 685 So.2d 945, 946 (Fla. 2d DCA 1996). And in its appeal of the final order, Deutsche Bank is authorized to challenge interlocutory orders “ ‘directly related to and an aspect of the final [order]’ under review.” Portis v. Seatruck, Inc., 98 So.3d 1234, 1235 (Fla. 3d DCA 2012) (quoting Cygler v. Presjack, 667 So.2d 458, 461 (Fla. 4th DCA 1996)).
On the merits, Florida Rule of Civil Procedure 1.110(b) sets forth the following verification requirements for foreclosure complaints:
When filing an action for foreclosure of a mortgage on residential real property *1201 the complaint shall be verified. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement: “Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.”
This court has recently concluded that rule 1.110(b) does not preclude the verification of a foreclosure complaint by an employee of the plaintiff bank’s loan servicer. See U.S. Bank N.A. v. Manon, 122 So.3d 398, 399 (Fla. 2d DCA 2013); Deutsche Bank Nat’l Trust Co. v. Prevratil, 120 So.3d 573, 575 (Fla. 2d DCA 2013). However, this court has not addressed the issue of whether such a verification must be accompanied by evidence supporting the servicer’s authority to sign.
In ruling that such evidence was required, the trial court relied on the Fourth District Court of Appeal’s decision in Elston/Leetsdale, LLC v. CWCapital Asset Management LLC, 87 So.3d 14 (Fla. 4th DCA 2012). In Elston, the owner and holder of the loan was a trust. Id. at 16. The trust’s servicer filed a verified foreclosure complaint in its own name and filed motions seeking to require the defendant to make loan payments during the pen-dency of the action. The defendant responded by filing a motion to dismiss the complaint for lack of standing. The servi-cer argued that it had standing to bring the action in its role as servicer and because the trust had authorized it to do so. The court declined to dismiss the complaint and entered a payment order. Id.
On appeal, the Fourth District concluded that the real party in interest rule authorizes a servicer to prosecute an action as an agent of the loan owner and holder. Id. at 17. But the agent must present evidence that the real party in interest joined or ratified the agent’s action. Because the servicer did not provide any such evidence, the court held that it did not establish standing. Id. at 17-18.
We find Elston to be wholly inapplicable to the facts of this case. The issue in Elston was the servicer’s standing to file a foreclosure complaint in its own name on behalf of the owner and holder of the loan. The issue in this case is the servicer’s authority to verify a complaint filed, in the name of the owner and holder of the loan. These issues are governed by completely different rules of civil procedure. The standing issue in Elston is governed by the “real party in interest rule, Fla. R. Civ. P. 1.210(a).” Id. at 17. However, the verification issue is governed by rule 1.110(b).
Thus, Elston does not provide authority to support the trial court’s evidentiary requirement in this case. And we can find no such authority in rule 1.110(b). Courts have consistently construed rule 1.110(b)’s verification requirement strictly by limiting it to its plain language. In Prevratil, this court rejected the argument that rule 1.110(b) required the servicer verifying the foreclosure complaint to assert it was the loan servicer or had some knowledge of the allegations therein. See 120 So.3d at 574. Instead, this court held that rule 1.110(b) allowed for verification without such language because it was authorized by a power of attorney. Id. at 575. This court simply explained, “In granting the motion to dismiss, the trial court imposed a verification requirement that rule 1.110(b) does not.” Id. at 576.[1]
This court used similar reasoning to conclude that the dismissal of a foreclosure complaint was not warranted because the *1202 verification was attached to, rather than incorporated within, the amended complaint. See Stentz, 91 So.3d at 236-37. This court explained that “there is no requirement in rule 1.110(b) that the verification be contained within the complaint, and ‘[njothing in the rule prohibits the verification from starting on a separate page.’” Id. at 236 (quoting Becker v. Deutsche Bank Nat’l Trust Co., 88 So.3d 361, 362 (Fla. 4th DCA 2012)).
The Fifth District has concluded that a trial court erred in dismissing a foreclosure complaint because the verification did not relate the signer’s position. See U.S. Bank, N.A. v. Wanio-Moore, 111 So.3d 941, 941 (Fla. 5th DCA 2013). The court relied on Stentz to hold that “the rule does not require any information about the signer’s positional authority, and a court cannot ‘read more into [rule 1.110(b) ] than its plain language dictates.’ ” Id. at 942 (quoting Stentz, 91 So.3d at 236).
The plain language of rule 1.110(b) does not require a servicer to file evidence with the complaint proving that it has the authority to verify the foreclosure complaint. Adding such a requirement would be inconsistent with the courts’ strict construction of rule 1.110(b). And, because Elston does not address the specific issue before us, it does not support the imposition of such an evidentiary requirement.
We are not persuaded by the Plage-mans’ argument that the trial court’s decision is supported by the purposes for adding the verification requirement to rule 1.110(b) as stated in In re Amendments to the Florida Rules of Civil Procedure, 44 So.3d 555, 556 (Fla.2010).[2] In fact, this court has rejected the argument that the policy language in In re Amendments precludes an agent from verifying a complaint under rule 1.110(b). See Prevratil, 120 So.3d at 575. Instead, the court focused on the plain language of rule 1.110(b).
In conclusion, the trial court erred in dismissing Deutsche Bank’s foreclosure action based on Deutsche Bank’s failure to attach to its complaint or to file evidence in response to the motion to dismiss. There is no basis to require Deutsche Bank to prove that its servicer had the authority to verify the foreclosure complaint at that stage of the litigation.[3] Accordingly, we reverse the final order of dismissal and remand for further proceedings.
Reversed and remanded.
KELLY and BLACK, JJ., Concur.

. In Prevratil, the lender filed a copy of the power of attorney in response to the motion to dismiss. 120 So.3d at 575.

. The court described those purposes as follows:
The primary purposes of this amendment are (1) to provide incentive for the plaintiff to appropriately investigate and verily its ownership of the note or right to enforce the note and ensure that the allegations in the complaint are accurate; (2) to conserve judicial resources that are currently being wasted on inappropriately pleaded "lost note" counts and inconsistent allegations; (3) to prevent the wasting of judicial resources and harm to defendants resulting from suits brought by plaintiffs not entitled to enforce the note; and (4) to give trial courts greater authority to sanction plaintiffs who make false allegations. In re Amendments, 44 So.3d at 556.

. Our decision should not be read as precluding a defendant from challenging the authority of the person verifying the complaint if the defendant has a legitimate basis to do so. Rather, our decision resolves only the issue of whether evidence supporting that authority must be submitted with the complaint. We leave for another day consideration of whether such a challenge may be addressed through other mechanisms such as an affirmative defense, by attacking the complaint as a sham, through summary judgment, or otherwise. Similarly, we do not address the evidentiary burdens that must be met to resolve the issue.