IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

October 31, 2017

WELLS FARGO DELAWARE TRUST )
COMPANY, N.A., as trustee for )
VERICREST OPPORTUNITY LOAN )
LOAN TRUST 201-NPL1, )
)
        Appellant, )
)
v. )        Case No. 2D16-1536
)
ALEXEY PETROV; FIFTH THIRD )
BANK; AMSOUTH BANK; )
TOWNHOMES AT TURTLE CREEK )
ASSOCIATION, INC.; AMERICAN )
EXPRESS CENTURION BANK; )
RHONDA PETROV; and FLORIDA )
LIMITED INVESTMENT )
PROPERTIES, INC., )
)
        Appellees. )
                            )

BY ORDER OF THE COURT:

        Appellant Wells Fargo's Motion to Correct Opinion is stricken as untimely.
On this court's own motion, the prior opinion dated October 6, 2017, is withdrawn and
the attached opinion is issued in its place.  The substituted opinion deletes a reference
to a "tax deed" in the third paragraph of the opinion and replaces it with "certificate of
title."  No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER

MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WELLS FARGO DELAWARE TRUST )
COMPANY, N.A., as trustee for )
VERICREST OPPORTUNITY LOAN )
LOAN TRUST 201-NPL1, )
)
        Appellant, )
)
v. )        Case No. 2D16-1536
)
ALEXEY PETROV; FIFTH THIRD )
BANK; AMSOUTH BANK; )
TOWNHOMES AT TURTLE CREEK )
ASSOCIATION, INC.; AMERICAN )
EXPRESS CENTURION BANK; )
RHONDA PETROV; and FLORIDA )
LIMITED INVESTMENT )
PROPERTIES, INC., )
)
        Appellees. )
                           )

Opinion filed October 31, 2017.

Appeal from the Circuit Court for
Hillsborough County; Perry A. Little,
Senior Judge.

David W. Rodstein of Rodstein Law
Group, P.A., Ft. Lauderdale; and
Norman Rodney Holmes and Silver
Deutch of Millennium Partners,
Aventura, for Appellant.

Uta S. Grove of Grove & Cintron, P.A.,
Largo; Starlett M. Massey of
McCumber Daniels, Tampa; and
Karen E. Maller of Powell, Carney,
Maller, P.A., St. Petersburg, for Appellee
Florida Limited Investment Properties,
Inc.

No appearance for remaining
Appellees.


ROTHSTEIN-YOUAKIM, Judge.

Wells Fargo Delaware Trust Company, N.A., as Trustee for Vericrest Opportunity Loan Trust 201-NPL1, appeals from an order involuntarily dismissing its foreclosure complaint after a bench trial.[1]  Because the trial court erroneously concluded that Wells Fargo's servicer, Caliber Home Loans, f/k/a Vericrest Financial,[2] and its employee, Scott Logue, had prosecuted this action on Wells Fargo's behalf without proving that they had been authorized to do so, we reverse and remand for reinstatement of Wells Fargo's second amended complaint.

## THE PROCEEDINGS BELOW

On June 2, 2004, Alexey Petrov executed the mortgage and note at issue in this case.  On December 1, 2010, Petrov stopped making mortgage payments.

In February 2012, Wells Fargo filed a foreclosure complaint.  Petrov failed to defend, and the clerk entered a default on May 22, 2012.  That same day, Wells Fargo moved for a final summary judgment of foreclosure and filed with the trial court the original mortgage and note.  Subsequently, however, Wells Fargo discovered that a certificate of title for the property had been issued to Florida Limited Investment

---

[1]Although styled as an "Order of Dismissal," the order includes traditional words of finality and refers to itself as a "judgment."  Accordingly, we construe it as an entry of judgment that is final and appealable.  See HSBC Bank USA, Nat'l Ass'n v. Buset, 216 So. 3d 701, 702-03 (Fla. 3d DCA 2017).

[2]We reject without comment Florida Limited Investment Properties, Inc.'s repeated suggestion that Vericrest and Caliber are separate and distinct entities.

Properties, Inc. (FLIP), before Wells Fargo had initiated the foreclosure action, so Wells Fargo moved to amend the complaint to include FLIP as a defendant. The trial court granted the motion, and Wells Fargo filed an amended complaint and served FLIP. FLIP filed a motion to dismiss the amended complaint, which the court granted for reasons not pertinent to this appeal.

In April 2014, Wells Fargo filed its second amended complaint, which FLIP unsuccessfully moved to dismiss. At the December 2015 trial, Wells Fargo, through Logue, entered into evidence the original note with allonges, the original mortgage, assignments of the mortgage, the notice of default, the loan payment history, and other exhibits. Logue testified as to the servicer's boarding process and its role in maintaining the mortgagee's loan records. In short, this was—or should have been—a run-of-the-mill foreclosure proceeding at which the plaintiff proved standing, its fulfillment of conditions precedent, the facts supporting the default, and the amounts due.

The groundwork for the error requiring reversal, however, was laid when FLIP objected to the admission of the Limited Power of Attorney (LPOA) between Wells Fargo and Vericrest/Caliber. FLIP argued that the LPOA only authorized Vericrest/Caliber to "creat[e] . . . documents" and did not "provide[] for . . . testimony or the filing of foreclosures." The trial court overruled the evidentiary objection but directly questioned Logue on the issue, repeatedly asking whether Logue could point out in the document itself what provision gave Vericrest/Caliber "the authority to prosecute the foreclosure action."

Post-trial, the trial court directed the parties to file written closing arguments. In FLIP's "Motion for Involuntary Dismissal, Closing Argument, and

Memorandum of Law," FLIP argued, in pertinent part, that the LPOA did not give Vericrest "the authority to hold the Note, or to enforce the Note or to foreclose the Mortgage," to verify the complaint on behalf of Wells Fargo, to initiate suit on behalf of Wells Fargo, or to give testimony on behalf of Wells Fargo. Moreover, FLIP argued, Caliber lacked any authority at all under the LPOA because "the power of attorney was only in favor of Vericrest, as Caliber Home Loans didn't exi[s]t."[3]

The trial court granted FLIP's motion for involuntary dismissal, stating:

A.    Plaintiff, WELLS FARGO DELAWARE TRUST COMPANY N.A., AS TRUSTEE FOR VERICREST OPPORTUNITY LOAN TRUST 201-NPL1 [sic], hereinafter referred to as "WELLS FARGO", presented the testimony of a single witness, SCOTT LOGUE, hereinafter referred to as "LOGUE."

B.    LOGUE testified that he was not an employee of WELLS FARGO but was an employee of CALIBER HOME LOANS, INC. LOGUE further testified that he was authorized, as an employee of CALIBER HOME LOANS, INC., to testify on behalf of WELLS FARGO pursuant to a Limited Power of Attorney, a photocopy of which was admitted into evidence as Plaintiff's Exhibit 2.

C.    The Limited Power of Attorney executed by WELLS FARGO did not grant to its Attorney-in-Fact, CALIBER HOME LOANS, INC., the authority to prosecute the litigation on behalf of WELLS FARGO. LOGUE, who is not an employee of WELLS FARGO, did not have the authority to prosecute the case on behalf of WELLS FARGO.

---

[3]We question whether FLIP had standing to raise any of these arguments. Although FLIP acquired its interest in the property before the filing of the lis pendens, there is no evidence that FLIP ever attempted to assume the mortgage or to cure the existing default when it purchased the property. Therefore, it does "not stand in the shoes of the mortgagors and cannot participate in the bank's foreclosure as though [it] were a party to the mortgage." Pealer v. Wilmington Tr. Nat'l Ass'n, 212 So. 3d 1137, 1137-38 (Fla. 2d DCA 2017) (Sleet, J., specially concurring). Wells Fargo, however, did not challenge FLIP's standing to participate in the foreclosure proceeding below and, in any event, does not raise this issue on appeal.

## ANALYSIS

Upon our de novo review, see Green Tree Servicing LLC v. Sanker, 204 So. 3d 496, 497 (Fla. 4th DCA 2016), we hold that the trial court erred in granting FLIP's motion for involuntary dismissal. The basis for the court's error was its misapprehension—fostered by FLIP—that Caliber and Logue were "prosecuting the case on Wells Fargo's behalf." Caliber, as Wells Fargo's servicing agent, verified Wells Fargo's foreclosure complaint, and Logue, as Caliber's employee, testified as a witness for Wells Fargo at the foreclosure trial. Neither of these actions constituted "prosecuting the case on Wells Fargo's behalf"—Wells Fargo is and always has been the plaintiff in this case. Servicing agents routinely verify complaints filed by noteholder-plaintiffs. See Deutsche Bank Nat'l Tr. Co. v. Plageman, 133 So. 3d 1199, 1200-01 (Fla. 2d DCA 2014) (explaining difference between servicer that files foreclosure complaint in its own name on behalf of owner and holder of note and servicer that merely verifies complaint filed in name of owner and holder of note); Deutsche Bank Nat'l Tr. Co. v. Huber, 137 So. 3d 562, 564 (Fla. 4th DCA 2014) (finding error with trial court's determination that appellant's servicing agent lacked standing to bring foreclosure action on appellant's behalf when record "clearly reflect[ed]" that appellant filed foreclosure complaint on its own behalf and that servicing agent merely verified complaint); see also US Bank Nat'l Ass'n v. Marion, 122 So. 3d 398, 399 (Fla. 2d DCA 2013) (reversing dismissal on basis that servicer's employee verified bank's foreclosure complaint); Deutsche Bank Nat'l Tr. Co. v. Prevratil, 120 So. 3d 573, 576 (Fla. 2d DCA 2013) (holding that Florida Rule of Civil Procedure 1.110 does not require that verification be based on personal knowledge). Moreover, noteholder-plaintiffs routinely call servicing agents to testify

regarding business records that servicing agents maintain in connection with the mortgage and note to establish the noteholder-plaintiffs' right to pursue foreclosure. See, e.g., Shaffer v. Deutsche Bank Nat'l Tr., 42 Fla. L. Weekly D889, D889 (Fla. 2d DCA Apr. 19, 2017); Rosa v. Deutsche Bank Nat'l Tr. Co., 191 So. 3d 987, 988 (Fla. 2d DCA 2016); Michel v. Bank of N.Y. Mellon, 191 So. 3d 981, 982 (Fla. 2d DCA 2016); Bolous v. U.S. Bank Nat'l Ass'n, 210 So. 3d 691, 692 (Fla. 4th DCA 2016); Deutsche Bank Nat'l Tr. Co. v. Marciano, 190 So. 3d 166, 167 (Fla. 5th DCA 2016); Seidler v. Wells Fargo Bank, N.A., 179 So. 3d 416, 420 (Fla. 1st DCA 2015); Guerrero v. Chase Home Fin., LLC, 83 So. 3d 970, 972 (Fla. 3d DCA 2012). Consequently, we conclude that Caliber's and Logue's asserted need for "authority to prosecute" this action was nothing more than a red herring with which FLIP somehow managed to mislead the trial court.

## CONCLUSION

Because the trial court misapprehended Caliber's and Logue's need for authorization to prosecute this foreclosure action, we reverse the judgment and remand for reinstatement of Wells Fargo's second amended complaint and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

WALLACE and MORRIS, JJ., Concur.