# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0472
LT Case No. 2024-CA-001502

_____

TRUSTEEBIZ, INC.,

    Appellant,

    v.

MOHAMED EL LADKI and MAC-
BRH,

    Appellees.

_____

Nonfinal appeal from the Circuit Court for Marion County.
Steven Glen Rogers, Judge.

Kimberly Garno, of Terra Law Firm, Odessa, for Appellant.

Isaac Manzo, Farhaad Naghoon, and J.D. Manzo, of Manzo &
Associates, P.A., of Orlando, for Appellee, Mohamed El Ladki.

No Appearance for Appellee, MAC-BRH.

May 29, 2026

KILBANE, J.

    Appellant filed this unspecified nonfinal appeal of an order
granting third-party Appellee's motion to intervene, motion to
vacate judgment, motion to vacate sale and certificate of title, and
motion for order directing clerk to refund third-party bidder funds.

A petition for writ of certiorari, rather than an appeal, was the proper method to seek review. *See Am. Mortg. Sols., LLC v. Fresh Brix Props., LLC*, 421 So. 3d 517, 519 (Fla. 3d DCA 2025) (granting certiorari relief from an order granting post-judgment intervention and an order setting aside a final judgment); *Gil de Lamadrid v. De Jesus Rivera*, 272 So. 3d 845, 847 (Fla. 5th DCA 2019) ("Certiorari lies to review an interlocutory order granting a motion to intervene."). Therefore, in accordance with Florida Rule of Appellate Procedure 9.040(c), the Court treats the appeal as a petition for writ of certiorari and dismisses for lack of jurisdiction. *See Dep't of Agric. & Consumer Servs. v. Mahon*, 293 So. 3d 1091, 1095 (Fla. 5th DCA 2020) ("[B]ecause irreparable harm is a jurisdictional question, we cannot grant a writ unless the two elements that comprise 'irreparable harm' have been established, even if the trial court was clearly wrong in its order."); *J.A.B. Enters. v. Gibbons*, 596 So. 2d 1247, 1250 (Fla. 4th DCA 1992) ("[A]n issue not raised in an initial brief is deemed abandoned . . . ."); *see also Bainter v. League of Women Voters of Fla.*, 150 So. 3d 1115, 1126 (Fla. 2014) (stating that due process, professionalism, and long-standing appellate tradition suggest courts "ought not consider arguments outside the scope of the briefing process" (quoting *Powell v. State*, 120 So. 3d 577, 591 (Fla. 1st DCA 2013))). Accordingly, the case is dismissed for lack of jurisdiction.

DISMISSED.

JAY, C.J., concurs.
LAMBERT, J., dissents with opinion.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

LAMBERT, J., dissenting with opinion.

Appellant, Trusteebiz, Inc., ("Trusteebiz"), was the plaintiff in the underlying circuit court litigation where it filed an action to partition certain real property located in Marion County, Florida. Trusteebiz and the defendant, MAC-BRH, Inc.,[1] entered into a stipulation for the entry of a final judgment of partition, which the trial court entered.

Approximately ten weeks after the final judgment was entered, the property was sold at a public sale set by the court. Appellee, Mohamad El Ladki, who was not a party to the partition suit, was the successful bidder at the sale. The clerk of court contemporaneously issued a Certificate of Sale and later issued a Certificate of Title to El Ladki for this real property.

Three days after the Certificate of Title issued, El Ladki filed the subject "Motion to Intervene, Motion to Vacate Judgment, Motion to Vacate Sale and Certificate of Title, and for Order Directing Clerk to Refund Third Party Bidders [El Ladki] Funds." Following a hearing on the motion, the trial court entered an omnibus, fairly unelaborated order granting El Ladki's motions; and it vacated the final judgment of partition for failure to join an indispensable party.[2] The order also vacated the foreclosure sale and Certificate of Title, and it directed the clerk of court to refund to El Ladki, forthwith, the monies he had paid in his successful bid to purchase the property.

Trusteebiz timely filed its Notice of Appeal of this "non-final order"; and the appeal has now been fully briefed. Trusteebiz essentially argues that post-judgment intervention is generally not

---

[1] MAC-BRH, Inc., is an appellee in this case but has not participated in this appeal.

[2] Appellee, El Ladki, was not the indispensable party.

allowed and the trial court reversibly erred here in doing so. Trusteebiz also argues that El Ladki, a non-party to the underlying litigation, lacked standing to seek to set aside the final judgment, and he also failed to show any irregularity in the conduct of the public sale to justify vacating the sale.

El Ladki's answer brief responds to Trusteebiz's arguments and asks that we affirm. Neither party raised the issue as to our court's jurisdiction to address the merits of the appeal.

The majority opinion treats Trusteebiz's appeal of a nonfinal order as a petition for writ of certiorari and dismisses the case for lack of jurisdiction. The appeal is not dismissed for being untimely pursued; rather, the majority dismisses because Trusteebiz has not shown or argued that the appealed order caused it to sustain the requisite irreparable harm needed for certiorari relief.

Initially, I do not disagree with the majority that if Trusteebiz should have filed its challenge to the order as a petition for writ of certiorari, Florida Rule of Appellate Procedure 9.040(c) directs that the cause must be treated as if the proper remedy had been sought. I further acknowledge that our court's decision in *Mahon*, cited by the majority, holds that absent a petitioner in a certiorari proceeding showing irreparable harm, an appellate court lacks jurisdiction to issue the writ, even if the trial court was clearly wrong in its order. 293 So. 3d at 1095.

I also have no quarrel with the majority sua sponte raising the issue of our jurisdiction. *See Bialostozky v. GAHC3 Mount Dora FL MOB II, LLC*, 397 So. 3d 793, 797 (Fla. 5th DCA 2024) (recognizing that "an appellate court is required to assess its own jurisdiction, even when not raised by the parties" (citations omitted)).

Where I part company with my colleagues is that I would not dismiss this appeal without first providing the parties with an opportunity to address the jurisdictional issue found by the majority to be dispositive. The order on appeal addressed multiple issues raised by El Ladki, one of which resulted in the court vacating the final judgment of partition. An order entered on an authorized and timely motion for relief from judgment is directly

reviewable under Florida Rule of Appellate Procedure 9.130(a)(5). However, because the omnibus order granted other relief, including allowing El Ladki to intervene post-judgment, a fair question for consideration and briefing is how those aspects of the order become reviewable here.

The majority cites to the Third District Court of Appeal's recent decision in *Fresh Brix* for the principle that a petition for writ of certiorari, rather than an appeal, was the proper method here for Trusteebiz to have sought relief. 421 So. 3d at 520–21. *Fresh Brix* has some similarities to the present case in that the petitioner there also sought relief from an order that granted a non-party's post-judgment motion for intervention and that vacated the final judgment of foreclosure. However, unlike here, the aggrieved party in *Fresh Brix* filed a petition for writ of certiorari challenging the order instead of a notice of appeal.

The Third District Court observed that to prevail in a petition for writ of certiorari, a party must show that (1) the contested order departed from the essential requirements of law (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal. *Id.* at 520 (quoting *Greater Mia. Expressway Agency v. Mia.-Dade Cnty. Expressway Auth.*, 393 So. 3d 794, 795 (Fla. 3d DCA 2024)). "These second and third prongs or elements [for certiorari relief] are sometimes referred to as 'irreparable harm,' and they are jurisdictional." *Mahon*, 293 So. 3d at 1095 (citing *Deutsche Bank Nat'l Tr. Co. v. Prevratil*, 120 So. 3d 573, 575 (Fla. 2d DCA 2013)).

On the merits, *Fresh Brix* appears to support the claims being raised here by Trusteebiz. The petitioner there argued that the respondent, a non-party, lacked standing to move to set aside the final judgment of foreclosure and that the respondent should not have been permitted by the trial court to intervene months after the final judgment of foreclosure was entered. 421 So. 3d at 520–21.

The Third District Court agreed with the petitioner; and it quashed the trial court's orders that granted intervention and that set aside the final judgment, finding both to be departures from the essential requirements of the law. *Id.* at 521. And though no

6

mention was made in the opinion about the irreparable harm prongs needed to be established for certiorari relief, the Third District Court arguably recognized that irreparable harm was shown; otherwise, dismissal would have been required. *See Bared & Co. v. McGuire*, 670 So. 2d 153, 157 (Fla. 4th DCA 1996) (explaining that dismissal, rather than denial, is the proper disposition of a petition for writ of certiorari when an appellate court determines that there has been an insufficient showing of irreparable harm).

Trusteebiz's initial brief here makes similar arguments to those raised by the successful petitioner in *Fresh Brix*, albeit without framing them under the aforementioned irreparable harm elements for certiorari relief. To the extent that *Fresh Brix* holds that certiorari is the only avenue for relief from an order that grants a non-party's motion to intervene after final judgment was entered and that vacates or sets aside the final judgment, we are not bound by our sister court's decision. *See CED Cap. Holdings 2000 EB, LLC v. CTCW-Berkshire Club, LLC*, 363 So. 3d 192, 195 (Fla. 6th DCA 2023) ("[W]e begin by repeating a well-known rule— that an appellate court is not bound by any of the decisions issued by its sister appellate courts." (citation omitted)).

The majority, by its dismissal for lack of jurisdiction due to Trusteebiz not showing irreparable harm, necessarily determined that Trusteebiz had not established that the order on appeal causes it material injury for the remainder of the case that cannot be corrected on post-judgment appeal. *See Mahon*, 293 So. 3d at 1095. On that end, I would note that the subject order appears to end all judicial labor below between Trusteebiz and El Ladki, somewhat suggestive that the order is a final appealable order regarding the two.

Before dismissing what may be a meritorious challenge by Trusteebiz to the trial court's order, I would provide the parties an opportunity to address the jurisdictional issue outlined in the majority opinion. I therefore respectfully dissent.